UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02880-NIQA |
| | ) | |
| THE CHILDREN'S HOSPITAL OF | ) | |
| PHILADELPHIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>

DILWORTH PAXSON LLP
Patrick M. Harrington, Esquire
Atty ID No. 317998
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
P: (215) 575-7000 / F: (215) 575-7200
pharrington@dilworthlaw.com
*Attorneys for Defendants*

Date: December 21, 2018

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

    A.    Plaintiff's § 1983 Claim Fails .................................................................... 2

        1.    CHOP is Not a State Actor ................................................................2

        2.    CHOP Was Never Operating "Under Color of State Law" ................................3

    B.    Plaintiff Concedes her §1985 Claim Fails .................................................. 5

III.  CONCLUSION .................................................................................................... 6

## I.     <u>INTRODUCTION</u>

Plaintiff's response to Children's Hospital of Philadelphia ("**CHOP**")'s Motion to Dismiss consists of strained attempts to draw distinctions between the facts of this case and settled authority cited by CHOP.  Plaintiff's effort to overcome the fact that Plaintiff's Amended Compliant fails to state a claim is futile.  Plaintiff concedes that her §1985 claim lacks merit because she does not allege discrimination against a protected class. Further, the allegations of Plaintiff's sole remaining claim – that, along with the named employees and medical staff, CHOP deprived Plaintiff of certain constitutionally-protected parental rights – fail to establish CHOP is subject to liability under §1983, for CHOP is neither a state actor, nor was operating "under color of state law."

Leaning heavily on *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000) and *Billups v. Penn State Milton S. Hershey Med. Ctr.*, 910 F. Supp. 2d 745 (M.D. Pa. 2012), which were cited in Defendants' initial brief, Plaintiff takes great pains to point out that neither *Kia P* nor *Billups* discussed outpatient treatment, and accordingly, because K was cleared for outpatient treatment, Plaintiff alleges that "it can reasonably be inferred, that… CHOP was acting <u>*solely*</u> under color of Pennsylvania Child Protective Services Law, NOT for purposes of treatment when it retained K as an inpatient." [Plaintiff's Opposition Brief, at p.7. (emphasis in original)]  However, Plaintiff concedes that at all relevant times, K was in need of continuing medical care and Plaintiff does not (and cannot) allege that K. was ever cleared for complete medical discharge. Thus CHOP was never acting <u>solely</u> for non-medical reasons.

Accordingly, as CHOP is not a state actor, nor was acting under color of state law[1], Plaintiff's claims cannot lead to relief and Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ARGUMENT

### A. Plaintiff's § 1983 Claim Fails

#### 1. CHOP is Not a State Actor

Plaintiff's Opposition brief does not contest the fact that CHOP is <u>not</u> a state actor, but rather states that CHOP was acting "<u>under color of</u> the [C]ommonwealth's Child Protective Services Law," and CHOP "utilizing a function traditionally exclusively performed by the state child protective services… and thus, that it was acting <u>under color of state law</u>." [Opposition Brief, at pp. 4, 7. (emphasis added.)]

Additionally, and while on different facts, this Court discussed, just six months ago, that the "[d]ue Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children," noting that such a due process claim regarding the same right Plaintiff here alleges – Plaintiff's Constitutional rights to parent her child – "requires a state actor." *Banerjee v. Philadelphia CHOP*, 2018 WL 3078887, at \*2 (E.D. Pa. June 21, 2018). Judge Kearney, upon this backdrop, determined that the Court found "<u>no basis to find CHOP is a state actor</u> for possible civil rights claims." *Id.* (emphasis added.) Accordingly, Plaintiff has pled no fact to infer that CHOP is a state actor, and this Court's previous determination should govern. Notably, this Court's July 16, 2018 Memorandum discussed that "Gay's Complaint, as pled, <u>does not plausibly suggest that the</u>

---

[1] Additionally, for Plaintiff to recover on her §1985 claim, she needs to allege discrimination against a protected class. The Third Circuit holds that "[m]embers of a protected class under § 1985(3) have at least one of certain 'immutable characteristics'" including "race, gender, national origin, and mental handicap." *McArdle v. Hufnagel*, 588 F. App'x 118, 121. (3d Cir. 2014). As Plaintiff's §1985 claim alleges discrimination based upon non-religious vegetarianism, and vegetarians are not members of a protected class under §1985, Plaintiffs §1985 claim fails.

<u>Defendants were state actors</u> who could be potentially liable for infringing upon Gay's due process rights" and "Gay's Complaint, as pled, <u>does not allow the Court to conclude that the Defendants are state actors</u> for purposes of § 1983." [*See* Docket #4, at pp. 9-10. (emphasis added.)]  While Plaintiff's complaint has been amended, the same result is appropriate here – that CHOP is <u>not</u> a state actor for purposes of § 1983.

### 2.    CHOP Was Never Operating "Under Color of State Law"

Plaintiff alleges that K came to CHOP for lab testing, the results of which necessitated further medical treatment.  While in *Manley v. Horsham Clinic*, 2001 WL 894230, at \*5 (E.D. Pa. Aug. 9, 2001), this court held that where a private hospital's "commitment [of a patient] had been compelled by the state," there may exist "a sufficiently close nexus between the state and a private hospital" to create a claim under § 1983, here Plaintiff does not allege that K's commitment was "compelled by the state," and does not allege that DHS had any involvement whatsoever in K's continued inpatient treatment.  Further, Plaintiff's allegations that K was not released due to the "unstable home situation" does not create an inference that CHOP held K "<u>solely</u> because of concerns with family instability" or an inference that CHOP's continuing treatment of K was in any way "under the authority delegated to it by child protective services laws." [Opposition Brief, at p. 4.]

Rather, and as discussed in Defendants' initial brief, Plaintiff alleges three facts that purport to establish that CHOP operated under color of state law: (1) that Defendants kept K. after she was cleared for discharge to an outpatient facility (an alleged "seizure" under the Fourth Amendment); (2) that Defendants billed K's government insurance; and (3) that Defendants reported alleged abuse by the Plaintiff to Philadelphia DHS.  None of these facts constitute "operating under color of state law" for the reasons discussed in Defendants' initial brief.

Finally, Plaintiff makes every effort to draw a bright-line distinction between K being cleared for <u>outpatient</u> treatment and the <u>inpatient</u> treatment at issue in *Kia P* and *Billups*, stating that there was no indication in either case that the needed treatment and/or monitoring "could have been provided on an outpatient basis." [Opposition Brief, at p. 6.]   Plaintiff misses the crucial aspect of these two cases – that liability may only attach when the hospital holds a patient <u>solely</u> for non-medical reasons.[2]   This Court, in its July 16, 2018 Memorandum dismissing Plaintiff's §1983 claim, laid out the critical test clearly: "[i]t is unclear from Gay's Complaint whether Defendants were only providing medical care to K during the relevant time period or if she had been medically cleared for release and was <u>solely</u> being held because of an investigation by Philadelphia DHS." [*See* Docket No. 4, at p. 10.]

As defined by Merriam-Webster, 'solely' means "to the exclusion of all else." [*See* *https://www.merriam-webster.com/dictionary/solely* (last visited December 18, 2018.)]   Thus, if CHOP was rendering medical treatment of any kind to K during her hospitalization, CHOP cannot be solely keeping K for non-medical purposes, as a matter of law.   Whether the treatment could or could not be facilitated in an outpatient setting is immaterial.   Accordingly, the distinction Plaintiff seeks to establish is of no moment.

Thus, as Plaintiff concedes that at all relevant times, K was in need of continuing medical care and was never cleared to discontinue treatment entirely, CHOP was, at no time "holding" K solely for non-medical reasons.

Based upon the above, Plaintiff's § 1983 claim fails as a matter of law because (1) CHOP is not a state actor; (2) CHOP was not operating "under color of state law"; and (3) the narrow

---

[2]   It serves to note that *Kia P* and *Billups* both (1) stand for a very narrow exception to the proposition that a private hospital is not generally subject to liability under §1983 and (2) even so are merely persuasive as neither is controlling authority in this District.

exception raised in *Kia P* and *Billups* do not apply to these facts because unlike *Kia P* and *Billups,* CHOP held K. for medical reasons and not solely for a non-medical purpose.

## B.        Plaintiff Concedes her §1985 Claim Fails

Plaintiff states, on page 9 of her Opposition Brief, that "[t]he Plaintiff's §1985 claim may fail…" and states further that "Plaintiff naively assumed §1985 covered classes protected by Title VII of the Civil Rights Act, including religion[.]" [Opposition Brief, at p.9. (emphasis added.)]   Plaintiff, however, does not plead that the alleged discrimination was based upon religion. To the contrary, Plaintiff specifically alleged that "CHOP did not support the plaintiff's assertion that vegetarianism was a basic right for herself and her child on ethical grounds, because she did not belong to an organized religion such as Hindusim." [Amended Complaint, at p. 14. (emphasis added.)]   Further, Plaintiff clearly states that "US Citizens have a right to exercise their personal moral beliefs despite not being part of an organized religion." [*Id.* (emphasis added.)]  In fact, this Court, in its July 16, 2018 Memorandum stated that "nothing in the Complaint suggests that the Defendants discriminated against Gay on the basis of race, color, religion, gender, or national origin." [*See* Docket No, 4, at p. 7.]

Thus, Plaintiff's allegations of  "class-based discriminatory animus against vegetarianism" are based upon a class of vegetarians who "do not belong to a recognized religion."  Thus, as no religious discrimination is alleged, this court need not weigh in on the question of whether religious discrimination constitutes liability under §1985, but merely conclude, as Plaintiff concedes – that vegetarians are not a protected class under §1985.

## III.     CONCLUSION

For the reasons discussed above, and those contained in Defendants' initial brief, Plaintiff has failed to state a claim in her Complaint.  Therefore, the Court should dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

By:     */s/ Patrick M. Harrington*
DILWORTH PAXSON LLP
By: Patrick M. Harrington, Esquire
Atty ID No.  317998
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
P: (215) 575-7000 / F: (215) 575-7200
pharrington@dilworthlaw.com
*Attorneys for Defendants*

Date: December 21, 2018

6

## CERTIFICATE OF SERVICE

I, Patrick M. Harrington, hereby certify that on December 21, 2018 a true and correct copy of the foregoing *Reply Brief in Support of CHOP's Motion to Dismiss the Complaint of Plaintiff Kathryn Gay* were served via the Court's ECF System, via electronic mail, and via overnight delivery upon Plaintiff *Pro Se* as follows:

Kathryn Gay
1830 Manning Street
Unit 3
Philadelphia, PA 19103
Katie.gay@gmail.com


By:     */s/ Patrick M. Harington*
DILWORTH PAXSON LLP
By: Patrick M. Harrington, Esquire
Atty ID No. 317998
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
P: (215) 575-7000 / F: (215) 575-7200
pharrington@dilworthlaw.com
*Attorneys for Defendants*