# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHRYN GAY** : | **CIVIL ACTION** |
| *Plaintiff – Pro se* : | |
| : | **NO. 18-2880** |
| v. : | |
| : | |
| **THE CHILDREN'S HOSPITAL OF** : | |
| **PHILADELPHIA,** *et al.* : | |
| *Defendants* : | |

## ORDER

**AND NOW**, this 20th day of March 2019, upon consideration of Defendants' *motion to dismiss*, [ECF 12], Plaintiff's opposition thereto, [ECF 14], Defendants' reply, [ECF 17], Plaintiff's sur-reply, [ECF 19], and the allegations contained in Plaintiff's amended complaint, [ECF 6], it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, with respect to Plaintiff's claims under 42 U.S.C. §1985 ("§1985 Claims");[1] and, **DENIED,** with respect to Plaintiff's claims under 42 U.S.C. §1983 ("§1983 Claims").[2]

---

[1] Defendants move to dismiss Plaintiff's §1985 claims on the basis that Plaintiff has not alleged that she is a member of a "protected class." Pursuant to *Griffin v. Breckenridge*, 403 U.S. 88 (1971), claims under §1985 are limited to private conspiracies predicated on "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*. at 102; *see Lake v. Arnold*, 112 F.3d 682, 686 (3d Cir. 1997). "Members of a protected class under §1985(3) have at least one of certain 'immutable characteristics'" including, "race, gender, national origin, and mental handicap." *McArdle v. Hufnagel*, 588 F. App'x 118, 121 (3d Cir. 2014). Here, in her amended complaint, Plaintiff does not allege membership in any of these or any other recognizable protected classes. Instead, she essentially alleges that Defendants discriminated against her because of their "discriminatory animus against vegetarianism." Vegetarians, however, are not a protected class. As such, Plaintiff has failed to state a claim under §1985. Notably, in her response to Defendants' motion, Plaintiff appears to concede that this claim is not viable. (*See* ECF 14 at p. 90).

[2] Plaintiff also asserts that her constitutional rights were violated when Defendants institutionalized her minor (now-deceased) daughter ("K"), from June 14, 2016, through July 1, 2016, without parental consent for non-medical reasons. In order to state a claim under §1983, Plaintiff must allege that she was deprived of a constitutional right by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants argue that Plaintiff's §1983 claims should be dismissed because they (a hospital and various personnel) are not state actors and are, thus, not liable under 42 U.S.C. §1983. The United States Court of Appeals for the Third Circuit has provided three tests to determine whether an individual is a state actor:

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the "[s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal brackets, citations, and quotation marks omitted).

Here, construing Plaintiff's *pro se* amended complaint liberally, Plaintiff has alleged that by refusing to release minor K to Plaintiff's care, despite minor K being medically cleared for discharge, due to an alleged unfounded report of child abuse/neglect and a resultant investigation by the Philadelphia Department of Human Services ("DHS"), Defendants were exercising powers that are "traditionally the exclusive prerogative of the state." As such, Plaintiff contends, Defendants were state actors because they were "acting as part of the reporting and enforcement machinery for DHS, a government agency charged with detection and prevention of child abuse and neglect . . . ." At this early stage in the proceedings, construing Plaintiff's complaint liberally and accepting all of the facts pled as true, this Court finds that Plaintiff has alleged facts sufficient to show that Defendants could be considered as acting under color of law. Accordingly, Defendants' motion is denied as to Plaintiff's §1983 claims.

2