IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN GAY** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 18-2880 |
| **v.** | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF PHILADELPHIA**, *et al.* | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 13th day of November 2020, upon consideration of Defendants' *motion for summary judgment*, [ECF 70], Plaintiff's opposition thereto, [ECF 73, 75], Defendants' reply, [ECF 77], and Plaintiff's sur-reply, [ECF 78], it is hereby **ORDERED** that Defendants' motion for summary judgment is **DENIED**.[1]

---

[1] Plaintiff asserts civil rights claims against Defendants under 42 U.S.C. § 1983, which provides private citizens a legal means to redress violations of federal law by state actors. Specifically, Plaintiff asserts that her constitutional rights were violated when Defendants hospitalized her minor daughter ("K") for non-medical reasons and without parental consent. Defendants move for summary judgment on the basis that Plaintiff has failed to present evidence sufficient to show that Defendants were state actors or that they deprived her of any constitutionally protected rights.

To sustain a claim under § 1983, Plaintiff must present evidence sufficient to show that she was deprived of a constitutional right by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Defendants are a private hospital and several of the hospital's employees. As such, Defendants argue that Plaintiff's § 1983 claims fail because they are not state actors in the traditional sense (*i.e.*, police officers or government employees/agencies) and are, therefore, not liable under § 1983. This Court disagrees.

The United States Court of Appeals for the Third Circuit has provided three tests to determine when a private individual or entity engages in conduct as a state actor:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal alterations, quotations, and citations omitted). Under each of these tests, "'[t]he inquiry is fact-specific.'" *Id.* (quoting *Groman v. Twp. of Manalapan*, 47

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

F.3d 628, 638 (3d Cir. 1995)).  As to private hospitals/medical providers, such persons or entities may be state actors when they participate in the hospitalization of a person in compliance with state reporting requirements in the absence of medical necessity. *Kia v. McIntyre*, 235 F.3d 749, 756-57 (2d Cir. 2000).

In support of their argument that they were not state actors during K's hospitalization, Defendants rely on the declaration of Defendant Dr. Eleni Lantzouni, an attending physician who personally treated K during her stay at the Children's Hospital of Philadelphia ("CHOP"). Dr. Lantzouni attested that: (1) "CHOP never received a directive from any governmental agency, including the Department of Human Services, to hold [K] at CHOP in lieu of discharging her[;]" and (2) "throughout [K's] entire July 14, 2016 admission, CHOP, through its clinical providers was, at all times, providing necessary medical treatment to [K] to stabilize her medical conditions to be safely discharged."

In response, Plaintiff relies upon several pieces of evidence to refute Defendants' contentions that they were providing medically necessary treatment during the entirety of K's hospitalization. First, Plaintiff points to the sworn declaration of Dr. Gilda Johnson, K's primary care physician, who saw K the day before she was admitted to CHOP. Dr. Johnson attested that K "was medically cleared for outpatient treatment" at the Renfrew Center of Southern New Jersey's intensive eating disorder program, to begin the following day. Plaintiff also relies on her own sworn declaration, in which she attests that on June 20, 2016, Defendant Dr. Jennifer Louis-Jacques (one of K's attending physicians) told Plaintiff that although K was medically stable, CHOP would not release her because the "home situation" was not stable. Plaintiff also proffers insurance records which show that her insurance claim for K's hospitalization was initially denied on the basis that it was "not medically necessary." Further, Plaintiff points to medical records which noted Philadelphia Department of Health Services ("DHS") child abuse/neglect cases were open on both of K's parents while K was hospitalized and that the " [DHS] case is now at a state level." The parties' competing declarations, in combination with the open DHS case noted on K's medical records, create a genuine issue of material fact as to whether Defendants were providing K medically necessary treatment during the entirety of her hospitalization at CHOP. As such, the issue of whether Defendants were state actors is a genuine issue of material fact.

Defendants also argue that Plaintiff has failed to present evidence sufficient to show that she was deprived of her constitutional rights to parent her minor child. In support, Defendants contend that Plaintiff signed various consent forms when K was first admitted to CHOP, and that Plaintiff never requested that K be discharged. Plaintiff contests these contentions, stating that she was not permitted to take her child from CHOP for eighteen days and describes her refusal to sign a consent form during K's hospitalization. As such, genuine issues of material fact also exist as to whether Defendants deprived Plaintiff of her constitutional right to parent. In light of these genuine disputes of material facts, Defendants' motion for summary judgment is denied.