**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHILDREN'S HOSPITAL OF | ) | Case No. 2:18-cv-02880-NIQA |
| PHILADELPHIA, ELENI LANTZOUNI, | ) | |
| JENNIFER LOUIS-JACQUES, MICHELE | ) | |
| ZUCKER, LEELA JACKSON, KATIE | ) | |
| HOEVELER, MORTIMER PONCZ, AND | ) | |
| ALAN R. COHEN | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Defendants' Motion *In Limine* To limit the testimony of Lisa Germanis to (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary and all responses thereto, it is **HEREBY ORDERED AND DECREED** that the Motion is **GRANTED**.  The testimony of Lisa Germanis shall be limited to (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary ONLY.


_____
J.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHRYN GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHILDREN'S HOSPITAL OF | ) |
| PHILADELPHIA, ELENI LANTZOUNI, | )   Case No. 2:18-cv-02880-NIQA |
| JENNIFER LOUIS-JACQUES, MICHELE | ) |
| ZUCKER, LEELA JACKSON, KATIE | ) |
| HOEVELER, MORTIMER PONCZ, AND | ) |
| ALAN R. COHEN | ) |
| | ) |
| Defendants. | ) |

**MOTION *IN LIMINE* OF DEFENDANTS TO LIMIT THE TESTIMONY OF
LISA GERMANIS**

Pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby moves this Court to limit the testimony of Lisa Germanis to only (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary. In support of this motion, Defendants incorporate the following memorandum of law.

Respectfully submitted,

Dated:  February 16, 2021

*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.
Danielle Goebel, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel:  215-575-7000
*Attorneys for Defendants*

122132236_1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHILDREN'S HOSPITAL OF | ) | Case No. 2:18-cv-02880-NIQA |
| PHILADELPHIA, ELENI LANTZOUNI, | ) | |
| JENNIFER LOUIS-JACQUES, MICHELE | ) | |
| ZUCKER, LEELA JACKSON, KATIE | ) | |
| HOEVELER, MORTIMER PONCZ, AND | ) | |
| ALAN R. COHEN | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF LISA GERMANIS**

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby submit the following memorandum of law in support of its motion *in limine* to limit the testimony of Lisa Germanis to only (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary.

Plaintiff intends to offer the testimony of Lisa Germanis for "knowledge of income loss." [Pretrial Memo, ECF 83, at p.8.] During the Final Pretrial Conference conducted on January 14, 2021, Counsel for Defendants raised the issue of Ms. Germanis' testimony, and specifically that Plaintiff cannot offer her testimony as to future income loss as Ms. Germanis is not a disclosed expert and the deadline for expert disclosure and reports had long since passed. In response the Court agreed with Counsel and instructed Plaintiff that she may present testimony from Ms.

Germanis, but that such testimony be limited to only (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary. Plaintiff agreed to abide by the Court's direction.

Plaintiff represented in a January 30, 2021 letter to Defendants, attached hereto in pertinent part, as Exhibit A, that Plaintiff does not intend to limit Ms. Germanis' testimony as directed by the Court and as previously agreed to by Plaintiff but rather "Plaintiff has  NOT agreed that Dr. Germanis' testimony will be limited to verification of detail of Plaintiff's previous employment only." [Ex. A.] (Emphasis in original.)  As Ms. Germanis has not been disclosed as an expert, Plaintiff should be barred from offering her as an expert on the issue of future lost earnings.  Furthermore, Plaintiff should be barred from offering testimony from Ms. Germanis on any issue other than (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary, as this is what Plaintiff agreed to during the Final Pretrial Conference.

## I.      ARGUMENT

The Court has inherent authority to manage the cases brought before it.  Included within that authority is the Court's discretion to exclude evidence in "appropriate cases" upon a movant's motion *in limine*.  *See Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at \*1 (E.D. Pa. Mar. 2, 2011) (citing *Luce v. U.S*., 469 U.S. 38, 41 n.4 (1984)).  Indeed, "the Court may decide such motions to ensure the [fact finder] is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses."  *U.S. v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  More practically, the purpose of an motion *in limine* is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburg Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence . . ." Fed. R. Evid. 401.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  In addition, Federal Rule of Evidence 403 provides, in pertinent part:  "The

2

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . ."

### A. The Witness Is Not A Designated Expert And Plaintiff Agreed, Before The Court, To Not Offer Her As An Expert

A fundamental requirement with respect to any witnesses who are to provide expert testimony is that they provide in advance an expert report which fairly puts parties on notice of the opinions they intend to offer at trial. Indeed, pursuant to Federal Rule of Civil Procedure 26, disclosure of expert witnesses must be accompanied by a written report. See F.R.C.P 26(a)(2). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the failure to disclose the information or identify a witness as required by Rule 26(a) or (e) results in the witness being excluded from providing evidence on a motion or at a Hearing, unless "the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Kotes v. Super Fresh Food Markets, Inc*., 157 F.R.D. 18, 19 (E.D. Pa. 1994).

Further, "[c]ourts may preclude testimony for parties who have failed to obey a scheduling or pretrial order." *Kotes*, 157 F.R.D. at 19, citing Fed.R.Civ.P. 16(f), 37(b)(2)(B). Plaintiff agreed to be limited by the Court, during the Final Pretrial Conference on January 14, 2021 to limit the witness's testimony to (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary. Plaintiff cannot, after the fact, decide that she chooses to disregard the Court;'s direction and her agreement before it.

3

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion *in limine* and limit the testimony of Lisa Germanis to (1) the duration of Plaintiff's employment, and (2) Plaintiff's salary.

Respectfully submitted,

Dated:  February 16, 2021                      */s/ Patrick M. Harrington*
                                               Patrick M. Harrington, Esq.
                                               Danielle Goebel, Esq.
                                               DILWORTH PAXSON LLP
                                               1500 Market Street, 1500E
                                               Philadelphia, PA 19102
                                               Tel:  215-575-7000
                                               *Attorneys for Defendants*

4

# Exhibit A

| | | |
|---|---|---|
| City of Philadelphia, Department of Human Services Custodian of Records | 1515 Arch St. Philadelphia, PA | Defendants have retracted their stipulation to authenticity of documents |
| State Board of Social Workers, Marriage and Family Therapists and Professional Counselor Custodian of Records | P.O. Box 2649 Harrisburg, PA | Defendants have retracted their stipulation to authenticity of documents |
| Eileen Ross | Nemours duPont Pediatrics 833 Chestnut St. E., Suite 300 Philadelphia, PA 19107 | Defendants have retracted their stipulation to authenticity of documents |
| Kathleen Ross | 255 S 17th St Philadelphia, PA 19103 | Plaintiff has withdrawn this witness. |
| David Lee | 1420 Walnut St #1412, Philadelphia, PA 19102 | Plaintiff has withdrawn this witness. |
| Lisa Germanis | Pennsylvania SPCA 350 E Erie Ave Philadelphia, PA, 19134 | Plaintiff has NOT agreed that Dr. Germanis' testimony will be limited to verification of details of Plaintiff's previous employment only. Defendants will agree to Dr. Germanis' testimony only to the duration of Plaintiff's employment and salary. |

## DEFENDANTS' WITNESSES

| Name | Address | Agreements |
|---|---|---|
| Kathryn Gay | 1830 Manning Street Unit 3 Philadelphia, PA 19103 | |

## CERTIFICATE OF SERVICE

I, Patrick Harrington, do hereby certify that on this date I served a true and correct copy

of the foregoing Motion *in limine* to be served by the Court's ECF system to all counsel and

unrepresented parties of record

Dated:  February 16, 2021          */s/ Patrick M. Harrington*
                                   Patrick M. Harrington, Esq.
                                   Danielle Goebel, Esq.
                                   DILWORTH PAXSON LLP
                                   1500 Market Street, 1500E
                                   Philadelphia, PA 19102
                                   Tel:  215-575-7000
                                   *Attorneys for Defendants*