**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHRYN GAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN | ) ) ) ) ) ) ) ) Case No. 2:18-cv-02880-NIQA |
| Defendants. | ) ) |

## **ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of Defendants' Motion *In Limine* To Exclude Testimony Referring to Domestic Violence and all responses thereto, it is **HEREBY ORDERED AND DECREED** that the Motion is **GRANTED**. Plaintiff is precluded from presenting testimony regarding alleged domestic violence by Mr. Kozlowski and shall not refer to him as "her abuser" or "our abuser."

_____
J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN | ) Case No. 2:18-cv-02880-NIQA |
| | ) |
| Defendants. | ) |

**MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE TESTIMONY REFERRING TO DOMESTIC VIOLENCE**

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby move this Court to exclude testimony of alleged domestic violence directed to Plaintiff or her daughter. In support of this motion, Defendants incorporate the following memorandum of law.

Respectfully submitted,

Dated: April 13, 2021

*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.
Danielle Goebel, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel: 215-575-7000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN GAY,<br><br> Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN<br><br> Defendants. | Case No. 2:18-cv-02880-NIQA |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REFERRING TO DOMESTIC VIOLENCE**

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby submit the following memorandum of law in support of their motion *in limine* to exclude testimony of alleged domestic violence directed to Plaintiff or her daughter.

**I. BACKGROUND**

This case is about an understandably distraught mother who tragically lost her daughter, "K," to suicide – seeking to gain closure from CHOP, who treated her daughter for anxiety and anorexia seventeen months prior to K taking her own life. Plaintiff alleges that after bringing K to CHOP's emergency department on June 14, 2016 at the direction of the Renfrew Center of Southern NJ, where K was to have begun an outpatient eating disorder program, CHOP held her daughter as an inpatient until July 1, 2016 for non-medical reasons.

Plaintiff alleges that the care provided by CHOP continued after it was medically necessary and that Plaintiff, who is not a doctor and offers no expert on the matter, believes that K. was cleared for discharge to an outpatient facility before she was discharged on July 1, 2016. [Amended Complaint ECF 6 at p.9.]  Thus, Plaintiff alleges that "K's retention by CHOP was a 'seizure' within the meaning of the Fourth Amendment," and that "Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." [*Id.,* at p.8.]  Plaintiff further alleges that because a mandated reporter at CHOP reported suspected child abuse to Philadelphia DHS, which was investigated and dismissed by DHS, "CHOP was acting as part of the reporting and enforcement machinery for DHS… the hospital was a state actor." [*Id.*, at p.9.]

Plaintiff contends that as "K. was deemed medically clear for outpatient treatment by her pediatrician on June 13," the medical services provided by CHOP are not medically necessary [*Id.* at p. 8,9.]

## II.   NATURE OF TESTIMONY EXPECTED

Against this backdrop, and based upon Plaintiff's deposition testimony and statements made at the Final Pretrial Conference regarding Miroslaw Kozlowski ("**Kozlowski**"), Plaintiff's former husband and the father of Plaintiff's daughter, , it is expected that Plaintiff may testify, or have others testify about domestic violence that allegedly took place involving Plaintiff, her daughter, and Kozlowski that is wholly irrelevant to Plaintiff's claim in this matter.

Plaintiff has stated, though it has no bearing on her sole §1983 claim in this action, that Kozlowski abused her and perhaps her daughter in some way.  After referencing "her abuser" or "our abuser" numerous times at her deposition, counsel clarified that "just for sake of clarity… by your abuser, you're referring to Mirek Kozlowski?" [K. Gay Deposition 54:21-24.]  Plaintiff responded "Yes." [*Id.*]  Notably, in her deposition, taken March 4, 2020, while the words

2

"abuse," "violence," and "abuser" appear a total of fifty-one times, "Kozlowski" only appears once – in the statement excerpted above.[1] [2] It is clear that Plaintiff characterizes Kozlowski as an abuser of her and/or her child, and while counsel takes no position on such allegations or their propriety, they have no bearing on any relevant issue to the instant litigation.

Finally, during the Final Pretrial Conference, which was conducted on January 14, 2021, Kozlowski was discussed, as he appears on Defendants' witness list, as he shared legal and physical custody of K at all relevant times.  Plaintiff expressed concern to the Court that Kozlowski would appear in the courtroom during the trial, and requested that he be sequestered during times when he was not testifying.  The Court instructed Plaintiff that she may move, at the time of trial, for some form of sequestration, and that the Court would consider Plaintiff's arguments at that time.

As such, Defendants move *in limine* to exclude testimony on the issue of domestic violence allegedly suffered by Plaintiff.

### III.   ARGUMENT

The Court has inherent authority to manage the cases brought before it.  Included within that authority is the Court's discretion to exclude evidence in "appropriate cases" upon a movant's motion *in limine*.  *See Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *1 (E.D. Pa. Mar. 2, 2011) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984)).  Indeed, "the Court may decide such motions to ensure the [fact finder] is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses." *U.S. v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  More practically, the purpose of a motion *in limine*

---

[1]    True and correct copies of the relevant index pages from the Deposition of Kathryn Gay is attached hereto as Exhibit A.

[2]    Kozlowski appears on four occasions, however three of which refer to K. Kozlowski, Plaintiff's daughter, and the only reference to Miroslaw Kozlowski is the one stated herein.

3

is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburg Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  In addition, Federal Rule of Evidence 403 provides, in pertinent part:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . . ."

### A.    Testimony about Alleged Domestic Violence Is Irrelevant

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Rule 402 of the Federal Rules of Evidence provides: "Evidence which is not relevant is not admissible."  Whether evidence is irrelevant is a question of law determined by reference to the underlying substantive legal doctrine. See Dewyer v. Temple Univ., 89 Fed. Appx. 811, 815 (3d Cir. 2004) ("Determinations of relevancy and the exclusion of evidence are generally committed to the broad discretion of the District Court."); accord 2 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §401.04[3][b] (Joseph M. McLaughlin ed., 2d ed. 2010) ("Whether a fact is of consequence is determined not only by the rules of evidence but also by substantive law as well.").

Plaintiff's Section 1983 claim rests on the allegation that the medical services that CHOP provided to Plaintiff's daughter K were not medically necessary and, instead, that CHOP was acting as part of the "enforcement machinery for DHS[,]" thus rendering K's hospitalization a "seizure" for purposes of the Fourth Amendment and a violation of Plaintiff's constitutional rights.  [Amended Complaint, ECF 6 at p. 8-9.]  Testimony referring to Plaintiff's allegations of

4

domestic violence against herself or her daughter does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  As such, Defendants move *in limine* for the exclusion of any such testimony.

### B. The Probative Value of This Testimony Is Far Outweighed By Its Danger of Undue Prejudice

Rule 403 of the Federal Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Thus, even if testimony referring to Plaintiff's allegations of domestic violence against herself or her daughter was marginally relevant in some respect, its minimal probative value would be substantially outweighed by the danger of unfair prejudice to Defendants. See *Old Chief v. U.S.*, 519 U.S. 172, 175 (1997).

Whether evidence is unduly prejudicial pursuant to Rule 403 is a question of law determined by reference to the underlying substantive legal doctrine. *See Dewyer v. Temple Univ.,* 89 Fed. Appx. 811, 815 (3d Cir. 2004) ("Determinations of relevancy and the exclusion of evidence are generally committed to the broad discretion of the District Court."); *accord* 2 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §401.04[3][b] (Joseph M. McLaughlin ed., 2d ed. 2010) ("Whether a fact is of consequence is determined not only by the rules of evidence but also by substantive law as well.")

Plaintiff's claim for a violation of §1983 has nothing to do with domestic violence. Kozlowski is not, and has never been, a party to this litigation.  As such, testimony of alleged domestic violence directed to Plaintiff or her (and Kozlowski's) daughter has no relevance to any issue in this action.  Furthermore, even when it is a party to the action who allegedly perpetrated

acts of domestic violence, courts are "sensitive to the reality that certain crimes, including domestic violence … carry with them a stigma that will likely prejudice [Defendants] by evoking an emotional response from the jury[.]" *Montoya v. Sheldon*, 898 F. Supp. 2d 1259, 1274 (D.N.M. 2012).  Similarly, where alleged acts of domestic violence "bear so little similarity to the events under review… they have little, if any, probative value." *Mazloum v. D.C. Metro. Police Dep't*, 517 F. Supp. 2d 74, 82 (D.D.C. 2007).  Testimony regarding the alleged abuse is likely to arouse the jury's sympathies in favor of Plaintiff and K and could lead the jury to base its decision on something other than the relevant evidence in support of the actual elements of Plaintiff's claims.

Due to the unfair prejudice to the jury and the insignificant probative value, if any of such testimony, Defendants move *in limine* to exclude any such testimony.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion *in limine* and exclude testimony of alleged domestic violence directed to Plaintiff or her daughter.

Respectfully submitted,

Dated:  April 13, 2021

*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.
Danielle Goebel, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel:  215-575-7000
*Attorneys for Defendants*

# Exhibit A

Case 2:18-cv-02880-NIQA   Document 125   Filed 04/13/21   Page 10 of 13

Deposition of Kathryn Gay                                   Kathryn Gay v. The Children's Hospital of Philadelphia, et. al.

# WORD LIST

**< $ >**
$2  (5)

**< 0 >**
00:43  (1)

**< 1 >**
1  (13)
10  (4)
10:00  (2)
10:38  (2)
101  (1)
11  (3)
11:21  (1)
11:58  (1)
12  (28)
123  (1)
125  (1)
12nd  (1)
12th  (14)
12-year-old  (3)
13  (4)
13th  (1)
14  (15)
1-4  (1)
141  (1)
143  (1)
14th  (45)
15  (6)
1500  (2)
155  (1)
15th  (10)
16  (11)
1600  (1)
164.502  (2)
167  (1)
16th  (5)
17  (21)
17th  (11)
18  (1)
1830  (2)
190  (3)
191  (3)
19102  (1)
19103  (2)
1976  (2)
1983  (23)
1988  (1)
1994  (1)
1997  (2)
19th  (2)
1st  (41)

**< 2 >**
2  (6)
2:18-cv-02880-NIQA  (1)
20  (5)
2003  (1)
2014  (1)
2016  (67)
2017  (13)
2018  (49)
2019  (7)
2020  (4)
2023  (1)
205  (2)
20th  (41)
20-year-old  (1)
215.575.7000  (1)
21st  (4)
22nd  (1)
23  (2)
24  (7)
24th  (6)
26  (1)
26a  (1)
26f  (1)
27  (1)
274  (1)
27th  (7)
28  (4)
293  (2)
294  (1)
29th  (3)

**< 3 >**
3  (5)
3:08  (1)
30  (1)
305  (1)
30XI00236700  (1)
31  (4)
31st  (3)
350  (1)
3500E  (2)

**< 4 >**
4  (9)
4,000  (7)
4:30  (1)
4:33  (1)
4:37  (1)
404.936.2103  (1)
42  (1)
45  (2)
47  (2)
4th  (1)

**< 5 >**
5  (1)
5:00  (2)
5:01  (1)
50  (1)
51  (1)
57  (1)
58  (1)

**< 6 >**
6  (9)
6:00  (1)
61  (1)
63  (2)
6th  (4)

**< 7 >**
7  (11)
72  (3)
7th  (7)

**< 8 >**
8  (4)
8:25  (1)
8:40  (1)
81  (1)
8-12  (1)

**< 9 >**
9  (3)
9:00  (1)
9:39  (1)
90  (1)
98  (1)
9th  (5)

**< A >**
a.m  (3)
a.m.  (1)
abbreviations  (1)
abdominal  (1)
abide  (1)
ability  (5)
able  (22)
abruptness  (1)
absence  (1)
absent  (2)
absolutely  (2)
abstract  (1)
abuse  (33)
abuser  (8)
abut  (1)
accept  (1)
accepted  (1)
access  (9)
accommodate  (1)
accountable  (1)
accuracy  (2)
accurate  (5)
accused  (1)
accusing  (2)
aches  (1)
acknowledge  (3)
acknowledged  (1)
ACKNOWLEDGMENT  (1)
Act  (28)
acted  (7)
acting  (21)
action  (9)
actions  (13)
active  (1)
activities  (5)
activity  (2)
actor  (22)
actors  (3)
acts  (27)
actual  (2)
addition  (11)
additional  (3)
Additionally  (1)
address  (6)
addressed  (6)
addressing  (1)
adjuster  (1)

Case 2:18-cv-02880-NIQA   Document 125   Filed 04/13/21   Page 11 of 13

Deposition of Kathryn Gay                                                      Kathryn Gay v. The Children's Hospital of Philadelphia, et. al.

**indicative** (1)
**indirectly** (1)
**individual** (12)
**individually** (3)
**individuals** (19)
**infants** (1)
**infer** (2)
**inflame** (1)
**inflamed** (1)
**influence** (1)
**inform** (2)
**informal** (1)
**Information** (64)
**informed** (8)
**informing** (1)
**infractions** (1)
**initial** (16)
**initialled** (1)
**initially** (15)
**initiate** (1)
**injured** (1)
**Injuries** (17)
**injury** (10)
**inpatient** (41)
**input** (1)
**inquire** (1)
**Inquirer** (3)
**inquiring** (3)
**inquiry** (1)
**insistent** (1)
**insofar** (1)
**instability** (5)
**instance** (1)
**instances** (2)
**instant** (1)
**institute** (3)
**instituted** (1)
**institution** (11)
**institutionalization** (2)
**institutionalized** (2)
**instructed** (10)
**instructing** (2)
**instructions** (4)
**insurance** (19)
**insurer** (1)
**intake** (12)
**intend** (4)
**intended** (2)
**intense** (1)

**intensive** (9)
**intention** (1)
**intentionally** (1)
**interact** (1)
**interacting** (1)
**interaction** (2)
**interest** (10)
**interested** (1)
**interesting** (2)
**intern** (1)
**interpretation** (1)
**interrelate** (1)
**Interrogatories** (8)
**Interrogatory** (35)
**intimates** (1)
**intimidation** (1)
**intolerable** (2)
**Intoxication** (1)
**introduces** (1)
**intuition** (2)
**investigated** (4)
**investigation** (3)
**investigator** (1)
**involve** (3)
**involved** (11)
**involvement** (9)
**involves** (3)
**involving** (9)
**irate** (1)
**Irma** (7)
**I-R-M-A** (1)
**Irma's** (1)
**irony** (1)
**irrelevant** (1)
**issue** (9)
**issues** (18)
**item** (5)
**items** (2)
**IV** (3)

**< J >**
**Jackson** (9)
**Jacques** (2)
**Janee** (4)
**Janel** (1)
**January** (2)
**Jefferson** (4)
**Jennifer** (3)
**Jersey** (8)

**joined** (1)
**joint** (9)
**Jolie** (2)
**Jordan** (11)
**journal** (2)
**Judge** (1)
**judgment** (2)
**judgments** (1)
**July** (42)
**June** (107)
**jurisdiction** (2)
**jurisdictional** (1)

**< K >**
**KATHRYN** (11)
**Katie** (2)
**katie.gay@gmail.com** (1)
**Kay** (2)
**Kay's** (1)
**keep** (12)
**keeping** (5)
**kept** (8)
**kid** (1)
**kids** (1)
**kilo** (1)
**kind** (14)
**kinds** (1)
**knew** (21)
**know** (223)
**knowing** (5)
**knowingly** (1)
**knowledge** (12)
**knowledgeable** (1)
**known** (2)
**knows** (1)
**Kozlowski** (4)
**K's** (100)

**< L >**
**label** (1)
**labelled** (2)
**laboratory** (1)
**labyrinth** (1)
**lack** (6)
**lacked** (1)
**lacking** (1)
**laid** (1)
**language** (4)
**Lantzouni** (11)

**L-A-N-T-Z-O-U-N-I** (2)
**Lantzouni's** (1)
**lapses** (1)
**large** (3)
**larger** (1)
**late** (11)
**Lauren** (2)
**law** (48)
**Laws** (2)
**lawsuit** (13)
**lawsuits** (3)
**lawyer** (21)
**lawyers** (1)
**lawyer's** (1)
**laying** (2)
**lead** (4)
**leaps** (1)
**learn** (3)
**learned** (12)
**learning** (2)
**leave** (5)
**leaving** (1)
**led** (4)
**Lee** (3)
**Leela** (4)
**left** (3)
**legal** (62)
**legality** (1)
**legally** (4)
**legitimate** (1)
**lenient** (4)
**Letter** (36)
**letting** (2)
**level** (3)
**levels** (8)
**liable** (2)
**liberty** (1)
**library** (1)
**License** (1)
**licensed** (2)
**lien** (2)
**life** (6)
**liked** (1)
**limitations** (2)
**limited** (5)
**limiting** (2)
**limits** (1)
**Line** (22)

Case 2:18-cv-02880-NIQA   Document 125   Filed 04/13/21   Page 12 of 13

Deposition of Kathryn Gay                                    Kathryn Gay v. The Children's Hospital of Philadelphia, et. al.

< V >
vaccine  (2)
value  (1)
varieties  (1)
variety  (4)
various  (4)
vary  (1)
vegan  (1)
veganism  (1)
vegetarian  (1)
vehicle  (2)
verbal  (5)
verbally  (2)
verbatim  (1)
versa  (1)
version  (13)
versus  (5)
verus  (1)
veterinarian  (4)
veterinary  (7)
vice  (1)
victims  (1)
view  (3)
viewed  (2)
violate  (4)
violated  (8)
violating  (2)
violation  (3)
violations  (5)
violence  (10)
Virginia  (6)
virology  (2)
virtue  (5)
visibly  (1)
Visit  (11)
visitation  (1)
visited  (4)
visiting  (4)
vital  (1)
VMD  (2)
voice  (1)
volume  (1)
voluntarily  (1)
vomiting  (1)

< W >
W-2s  (1)
wage  (19)
wages  (9)

Wait  (6)
Waiting  (4)
waived  (1)
wake  (1)
walked  (1)
walking  (1)
want  (29)
wanted  (38)
wants  (4)
ward  (3)
warned  (4)
warrant  (1)
warranted  (1)
wasting  (1)
watch  (2)
watched  (1)
way  (29)
ways  (1)
wearing  (1)
website  (2)
Wednesday  (3)
week  (52)
weekend  (1)
weekly  (3)
weeks  (8)
weighing  (2)
weight  (4)
weird  (1)
Welfare  (2)
well  (128)
wellbeing  (1)
went  (31)
we're  (15)
West  (6)
we've  (3)
wheelchair  (1)
white  (3)
whiteboard  (2)
wide  (1)
willing  (1)
wind  (3)
wishes  (3)
withdraw  (2)
withdrawing  (1)
withdrew  (1)
withheld  (6)
withholding  (1)
Witness  (9)
witnessed  (2)

witnesses  (12)
witnessing  (1)
woken  (1)
woman  (6)
women  (1)
wonder  (1)
wonderful  (14)
wondering  (1)
word  (4)
wording  (2)
words  (12)
work  (29)
worked  (10)
worker  (41)
worker's  (1)
working  (21)
works  (1)
worry  (1)
worse  (7)
worst  (2)
worth  (1)
wound  (1)
Wow  (1)
wrath  (1)
writ  (2)
write  (3)
writing  (13)
writings  (2)
written  (15)
wrong  (5)
wrote  (5)

< X >
x-rays  (1)

< Y >
Yeah  (44)
year  (7)
years  (13)
Year's  (2)
yeses  (1)
yesterday  (1)
yield  (1)
yogurt  (2)
young  (2)
younger  (1)

< Z >
zero  (1)

Zucker  (17)
Zucker's  (1)

## **CERTIFICATE OF SERVICE**

      I, Patrick Harrington, do hereby certify that on this date I caused a true and correct copy of the foregoing Motion *in limine* to be served by the Court's ECF system to all counsel and unrepresented parties of record

Dated:  April 13, 2021                */s/ Patrick M. Harrington*
                                                Patrick M. Harrington, Esq.
                                                Danielle Goebel, Esq.
                                                DILWORTH PAXSON LLP
                                                1500 Market Street, 1500E
                                                Philadelphia, PA 19102
                                                Tel:  215-575-7000
                                                *Attorneys for Defendants*