UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN GAY,<br><br>    Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN<br><br>    Defendants. | Case No. 2:18-cv-02880-NIQA |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF JANEÉ JOHNSON**

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby submit the following memorandum of law in support of their motion *in limine* to exclude the testimony of Janeé Johnson.

**I.     BACKGROUND**

Plaintiff seeks to present the testimony of Janeé Johnson, a social worker for the Philadelphia Department of Human Services (referred to herein as "DHS"), in support of Plaintiff's only remaining claim, brought pursuant to Section 1983. Ms. Johnson investigated the report of suspected child abuse/neglect that was made regarding Plaintiff and her now-deceased daughter, K. To be clear, Defendants do not dispute that this report of suspected child abuse/neglect was made, nor do they dispute that the investigation concluded that the report was

unfounded. Defendants do dispute, however, that Ms. Johnson's testimony is in any way relevant to Plaintiff's claim against the Defendants.

The report of suspected abuse is only relevant insofar as it serves as the basis for Plaintiff's claim that "CHOP was acting as part of the reporting and enforcement machinery for DHS… the hospital was a state actor." [Amended Complaint, ECF 6 at p.9.] However, Ms. Johnson did not interact or communicate with CHOP either in the course of her investigation or after its conclusion, which is clear from the declaration that was proffered by Plaintiff in support of her opposition to Defendants' Motion for Summary Judgment. [ECF 73 at p.65-69.] Furthermore, Ms. Johnson has no knowledge about whether her investigation had any impact on CHOP's decision-making. As such, Ms. Johnson's testimony would not tend to prove or disprove any ultimate issue of the case and, thus, should not be admitted into evidence.

In addition to lacking relevance, there are several issues with Ms. Johnson's proposed testimony, as follows: 1) Ms. Johnson's proposed testimony is riddled with inadmissible hearsay, 2) Ms. Johnson is not qualified to testify as the necessity of K's hospitalization and any attempt to do so would be inappropriate expert testimony, and 3) the prejudicial impact of Ms. Johnson's testimony does not outweigh its nugatory probative value. Accordingly, Defendants respectfully request that this Honorable Court exclude the testimony of Ms. Johnson.

**II.   ARGUMENT**

The Court has inherent authority to manage the cases brought before it. Included within that authority is the Court's discretion to exclude evidence in "appropriate cases" upon a movant's motion *in limine*. *See Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *1 (E.D. Pa. Mar. 2, 2011) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984)). Indeed, "the Court may decide such motions to ensure the [fact finder] is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses." *U.S. v.*

*Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  More practically, the purpose of a motion *in limine* is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburg Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

### A. The Expected Testimony is Not Relevant

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Rule 402 of the Federal Rules of Evidence provides: "Evidence which is not relevant is not admissible."  Whether evidence is irrelevant is a question of law determined by reference to the underlying substantive legal doctrine. *See Dewyer v. Temple Univ.,* 89 Fed. Appx. 811, 815 (3d Cir. 2004) ("Determinations of relevancy and the exclusion of evidence are generally committed to the broad discretion of the District Court."); *accord* 2 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §401.04[3][b] (Joseph M. McLaughlin ed., 2d ed. 2010) ("Whether a fact is of consequence is determined not only by the rules of evidence but also by substantive law as well.").

The central issue in this matter is whether CHOP was acting as part of the "enforcement machinery for DHS[,]" thus rendering CHOP a state actor for purposes of Section 1983. [Amended Complaint, ECF 6 at p.9.]  Ms. Johnson's proffered testimony, as stated in her declaration, has nothing to do with this issue and instead consists largely of a discussion of the jurisdictional issues she encountered in the course of her investigation due to a competing report that was filed in Montgomery County.  Ms. Johnson also purports to testify about the outcome of her investigation, which Defendants do not dispute.  Confusingly, Ms. Johnson admits that she was on vacation during K's hospitalization at CHOP, but somehow offers testimony disputing conversations for which she was not present.  Ms. Johnson's testimony does not tend to prove or

3

disprove any element of the instant cause of action. Accordingly, Ms. Johnson's testimony is not relevant and should not be permitted at trial as it is likely to confuse the issues and mislead the jury.

### B. Ms. Johnson's proffered testimony is rife with inadmissible hearsay

Pursuant to Federal Rule of Evidence 801(c), hearsay is defined as a statement that 1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement. Double hearsay, also known as "hearsay within hearsay," is inadmissible unless "each part of the combined statements conforms with an exception to the rule [against hearsay]." Fed. R. Evid. 805; *Lexpath Techs. Holdings, Inc. v. Welch*, 744 F. App'x 74, 81 (3d Cir. 2018) (finding that to be admissible, double hearsay can "only be admitted if each statement fit into a hearsay exception.")

Ms. Johnson's testimony in large part provides commentary on inadmissible double hearsay evidence, as she plans to opine on medical records that document conversations to which she was not a party. As demonstrated in her declaration, Ms. Johnson purports to offer testimony regarding a medical record which details a conversation between K's primary care physician, Gilda Johnson, and the police, to which Ms. Johnson was not even a party. [ECF 73 at p.67, ¶7.] Similarly, Ms. Johnson purports to testify about another medical record which documents a conversation between, her supervisor, Paula Ward, and a CHOP social worker. [ECF 73 at p.68-9, ¶14-15]. Again, Ms. Johnson was not a party to this conversation. This testimony is not based on Ms. Johnson's personal knowledge, and instead relies exclusively on double hearsay where none of the hearsay exceptions of F.R.E. 803 or 804 are applicable. As such, Ms. Johnson's testimony is not admissible.

4

### C. The Witness is Not a Designated Expert

Any characterization by Ms. Johnson of K's hospitalization is inappropriate expert testimony, particularly her statement that she did not "understand the necessity of K's hospitalization." [ECF 73 at p.69, ¶15.] A fundamental requirement with respect to any witnesses who are to provide expert testimony is that they provide in advance an expert report which fairly puts parties on notice of the opinions they intend to offer at trial. Indeed, pursuant to Federal Rule of Civil Procedure 26, disclosure of expert witnesses must be accompanied by a written report. See F.R.C.P 26(a)(2). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the failure to disclose the information or identify a witness as required by Rule 26(a) or (e) results in the witness being excluded from providing evidence on a motion or at a hearing, unless "the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 19 (E.D. Pa. 1994). Further, "[c]ourts may preclude testimony for parties who have failed to obey a scheduling or pretrial order." *Kotes*, 157 F.R.D. at 19, citing Fed.R.Civ.P. 16(f), 37(b)(2)(B).

Certain portions of Ms. Johnson's testimony clearly veer into the territory of an expert witness. Indeed, in her declaration, Ms. Johnson offers her opinion on the propriety of K's hospitalization, stating that she "did not understand the necessity of K's hospitalization" despite not having any first-hand knowledge of the facts. Ms. Johnson is not qualified to testify about the "necessity of K's hospitalization," nor has Plaintiff adhered to the rules necessary to present Ms. Johnson as an expert on such an issue. Accordingly, Ms. Johnson should not be permitted to offer expert testimony or opinion on an issue of which she has no relevant first-hand knowledge. *See Walker v. Mankey,* No. 2:14-CV-01504-LPL, 2018 WL 10230906, at *2 (W.D. Pa. Oct. 30, 2018) (quoting *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980) ("The essential difference between opinion evidence which is not that of expert witness and opinion

5

evidence by qualified expert is that latter may answer hypothetical questions and thus testify not only from the facts or data perceived by him but also from what is made known to him at or before hearing.").

Ms. Johnson is similarly not qualified to offer lay opinion testimony. Federal Rule of Evidence 701 requires that a lay opinion witness have a reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses. *See Eichorn v. AT&T Corp.*, 484 F.3d 644, 649 (3d Cir. 2007) (upholding the exclusion of a witness who had no personal knowledge of the underlying facts and no relevant experience or training). Because Ms. Johnson admittedly has no first-hand knowledge of K's hospitalization or the reasons therefore, nor does she have any particular training or experience that would make her opinion on the matter appropriate, her testimony should be precluded.

### D. The Probative Value Of Ms. Johnson's Testimony Is Outweighed By Its Danger Of Undue Prejudice

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, even if Ms. Johnson's testimony were marginally relevant in some respect, its minimal probative value would be substantially outweighed by the danger of unfair prejudice to Defendants. See *Old Chief v. U.S.*, 519 U.S. 172, 175 (1997).

Whether evidence is unduly prejudicial pursuant to Rule 403 is a question of law determined by reference to the underlying substantive legal doctrine. *See Dewyer v. Temple Univ.,* 89 Fed. Appx. 811, 815 (3d Cir. 2004) ("Determinations of relevancy and the exclusion of evidence are generally committed to the broad discretion of the District Court."); *accord* 2 JACK

6

122203061_2

B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §401.04[3][b] (Joseph M. McLaughlin ed., 2d ed. 2010) ("Whether a fact is of consequence is determined not only by the rules of evidence but also by substantive law as well.").

Because of Ms. Johnson's position as a social worker with DHS, a position of trust and authority, her testimony will likely focus on the emotional and physical harm suffered by K (who is not a party to this lawsuit) prior to her hospitalization at CHOP, which is likely to arouse the jury's sympathies in favor of the Plaintiff and her late daughter. This could lead the jury to base its decision on something other than the relevant evidence in support of the actual elements of the Plaintiff's claim. As discussed above, Ms. Johnson has no such relevant testimony to offer. Ms. Johnson's opinions regarding Plaintiff and her daughter are highly prejudicial with no probative value.

Likewise, Ms. Johnson's proffered testimony about K's hospitalization – that she "did not understand the necessity of K's hospitalization" – is based on second-hand information from Plaintiff and/or K's medical records and does not tend to prove or disprove any element of the instant cause of action. Instead, it would confuse and mislead the jury. As such, this Court should preclude Ms. Johnson from testifying. Ms. Johnson's testimony, which has no probative value, would prejudice the defense, and delay trial should be excluded.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion *in limine* and exclude the testimony of Janeé Johnson in its entirety.

Respectfully submitted,

Dated: April 13, 2021  */s/ Patrick M. Harrington*
Danielle Goebel, Esq.
Patrick M. Harrington, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel: 215-575-7000
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Patrick Harrington, do hereby certify that on this date I caused a true and correct copy of the foregoing Motion *in limine* to be served by the Court's ECF system to all counsel and unrepresented parties of record

Dated:  April 13, 2021

*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.
Danielle Goebel, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel:  215-575-7000
*Attorneys for Defendants*

122203061_2