**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHRYN GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHILDREN'S HOSPITAL OF | ) | Case No. 2:18-cv-02880-NIQA |
| PHILADELPHIA, ELENI LANTZOUNI, | ) | |
| JENNIFER LOUIS-JACQUES, MICHELE | ) | |
| ZUCKER, LEELA JACKSON, KATIE | ) | |
| HOEVELER, MORTIMER PONCZ, AND | ) | |
| ALAN R. COHEN | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of

Defendants' Motion *In Limine* To Exclude Plaintiff's Newly Identified Exhibits and any

response thereto, it is **HEREBY ORDERED AND DECREED** that the Motion is **GRANTED**.

Plaintiff's Exhibits not provided or identified prior to April 16, 2021 shall be excluded and not

be permitted to be offered into evidence or utilized by Plaintiff at trial for any reason.

_____
J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHRYN GAY,                              )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )
                                         )
CHILDREN'S HOSPITAL OF                   )   Case No. 2:18-cv-02880-NIQA
PHILADELPHIA, et al.                     )
                                         )
    Defendants.                      )

## MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE
## PLAINTIFF'S NEWLY IDENTIFIED TRIAL EXHIBITS

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen ("Defendants"), by and through their undersigned counsel, hereby move this Court to exclude Plaintiff's newly identified and previously undisclosed trial exhibits.

In support of this motion, Defendants incorporate the following memorandum of law.

Respectfully submitted,

Dated:  April 16, 2021

*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.
Danielle Goebel, Esq.
DILWORTH PAXSON LLP
1500 Market Street, 1500E
Philadelphia, PA 19102
Tel:  215-575-7000
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHRYN GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHILDREN'S HOSPITAL OF | ) |
| PHILADELPHIA, ELENI LANTZOUNI, | ) |
| JENNIFER LOUIS-JACQUES, MICHELE | ) |
| ZUCKER, LEELA JACKSON, KATIE | ) |
| HOEVELER, MORTIMER PONCZ, AND | ) |
| ALAN R. COHEN | ) |
| | ) |
| Defendants. | ) |

Case No. 2:18-cv-02880-NIQA

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE PLAINTIFF'S NEWLY IDENTIFIED AND NOT PREVIOUSLY
DISCLOSED TRIAL EXHIBITS**

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques,

Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen

("Defendants"), by and through their undersigned counsel, hereby submit the following

memorandum of law in support of their motion *in limine* to exclude Plaintiff's newly identified

and not previously disclosed trial exhibits.

**I.      NATURE AND CONTENTS OF EXHIBITS**

On April 16, 2021 – the day Motions in Limine, Trial Memoranda, Jury Instructions and

Verdict sheets are due pursuant to this Court's Final Pretrial Order [ECF91], Plaintiff submitted

to the undersigned a list of one hundred fifty-four (154) trial exhibits, which is attached hereto as

Exhibit A.   This list of one hundred fifty-four trial exhibits (the "Exhibit List") contains

countless "never seen before" exhibits Plaintiff neither produced during discovery, nor identified

at any time prior to April 16, 2021.   Notably, and astonishingly, Plaintiff states that she further

"reserves the right to amend this list." [Ex. A, at p.1.]  The Exhibit List is over one hundred (100) exhibits longer than the list submitted by Plaintiff in connection with the Final Pretrial Conference conducted on January 14, 2021, and the documents attached to the Exhibit List are being produced not only the day when final pretrial motions are due, but well over a year after discovery has closed in the matter.  Notably, this is not the first time when Plaintiff has cast aside this Court's scheduling orders to supplement her exhibit list after the Final Pretrial Conference on January 14, 2021.  Her first attempt to avoid this Court's prior scheduling orders resulted in Defendants' motion *in limine* [ECF 97] seeking to strike exhibits nos. 39 and 40 which were not only identified after the Final Pretrial Conference, but were not produced during discovery, as was Plaintiff's obligation.

Plaintiff, undeterred, has done the same here, but now has added over one hundred previously unseen and undisclosed additional exhibits in the Exhibit List, in direct and bold contradiction of the Court's Orders in the matter, the Federal Rules, and good faith.  Such brazen non-compliance should not be tolerated.

## II.    ARGUMENT

The Court has inherent authority to manage the cases brought before it.  Included within that authority is the Court's discretion to exclude evidence in "appropriate cases" upon a movant's motion *in limine*.  *See Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *1 (E.D. Pa. Mar. 2, 2011) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984)).  Indeed, "the Court may decide such motions to ensure the [fact finder] is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses."  *U.S. v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  More practically, the purpose of an motion *in limine* is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburg Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence . . ." Fed. R. Evid. 401.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  In addition, Federal Rule of Evidence 403 provides, in pertinent part:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . ."

### A.     Plaintiff's Exhibits Were Neither Identified, Nor Provided in the Time Permitted, and Must be Disallowed

The Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Pennsylvania, and the scheduling orders in this case impose an affirmative obligation on the parties to disclose the identity of witnesses and evidence that will be presented at trial.  See Fed. R. Civ. P. 26(a)(3)(A)(iii); E.D. Pa. Local Rule 16.1(d)(1).  Discovery in this matter closed in March of 2020.  The Court-ordered deadline for disclosure of trial exhibits in this case was January 1, 2021 – fourteen days prior to the final pretrial conference – and over four months ago. *See* December 11, 2020 Scheduling Order, ¶ 2 [ECF 88.].  Many of the exhibits identified in the Exhibit List were not included therein and were only identified, for the first time, in the Exhibit List, submitted and served on Defense Counsel on April 16, 2021.  Plaintiff's failure to identify or produce these trial exhibits in the manner contemplated by the rules and the Court's scheduling orders must preclude her from offering such evidence at trial.

It is well established that a district court has discretion to exclude evidence for a party's failure to adhere to the schedule set by the court.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994); *Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994) ("Courts may preclude testimony for parties who have failed to obey a scheduling or pretrial order.") (citations omitted).  Federal Rule of Civil Procedure 37(c)(1) provides that a party will be prevented from using evidence that it fails to disclosure in a timely fashion, unless the failure

3

is justified, or is harmless. *See also* Fed. R. Civ. P. 16(f). The burden of proving substantial justification or harmlessness lies with the non-moving party. *See Frederick v. Hanna*, Civil Action No. 05-514, 2007 WL 853480, at *4 (W.D. Pa. Mar. 16, 2007).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule preserves the Federal Rules of Civil Procedure's crucial role in "mak[ing] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *U.S. v. Procter & Gamble*, 356 U.S. 677, 682 (1958)). Simply put, a party should not be permitted to benefit from information that it improperly withheld from an opponent.

The undersigned is still in the process of ascertaining the volume of new exhibits which have not been previously disclosed, as counsel received the Exhibit List the afternoon of April 16, the day pretrial motions including Motions *in limine* are due. As such, to the extent that the Exhibit List contains exhibits which were neither identified nor provided prior to April 16, 2021, any such exhibits should be excluded due to the profoundly unfair prejudice such late additions would have.[1]

Should the Court desire, Defendants can prepare for the Court's convenience a supplemental reconciliation of which of the one hundred fifty-four (154) exhibits identified in

---

[1]     Furthermore, despite the undersigned orally representing and stating, in writing, in a February 2021 letter to Plaintiff, that the numbering of exhibits submitted by Plaintiff in her pretrial memo should not be altered, Plaintiff has wholly abandoned her numbering such that the numbering in the Exhibit List bears no resemblance to the numbering in Plaintiff's pretrial memorandum.

4

the Exhibit List were contained in the initial 38 exhibits referenced in Plaintiff's pretrial memorandum and/or the untimely addition submitted to counsel thereafter.[2]

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion *in limine* and exclude exhibits contained in the Exhibit List.

Respectfully submitted,

Dated:  April 16, 2021                    */s/ Patrick M. Harrington*
                                          Patrick M. Harrington, Esq.
                                          Danielle Goebel, Esq.
                                          DILWORTH PAXSON LLP
                                          1500 Market Street, 1500E
                                          Philadelphia, PA 19102
                                          Tel:  215-575-7000
                                          *Attorneys for Defendants*

---

[2]    Defendants maintain that the exhibits added after the Final Pretrial Conference of January 14, 2021 should be stricken as untimely, for the reasons detailed in Defendants' motion in limine [ECF 97] seeking to strike exhibits nos. 39 and 40.

122219597_1
4/16/2021 2:49 pm

# Exhibit A

*United States District Court for the Eastern District of Pennsylvania*

Kathryn Gay,

    *Plaintiff*

    v.                                           Case No.: 2:18-cv-02880

Children's Hospital of Philadelphia (CHOP), *et al.*

    *Defendants*

## PLAINTIFF'S EXHIBIT INDEX

    Kathryn Gay, Plaintiff, hereby provides her Proposed Exhibit Index. Pursuant to the Final Pretrial Order in this case, Plaintiff is providing the Court with one complete set of pre-marked trial exhibits in a binder on April 16, 2021. The index includes a brief description of the proposed exhibit.

    This index of exhibits represents the large majority of exhibits the plaintiff may seek to introduce in her case-in-chief. Plaintiff reserves the right to amend this list. Any additional exhibits have been previously provided to the defense, or will be provided if developed hereafter.

Respectfully submitted,

*[signature]*

Kathryn Gay

1830 Manning Street
Unit 3
Philadelphia, PA 19103

    *Pro se*                                       DATE: April 16, 2021

<u>Plaintiff's Exhibit Index</u>          E.D.Pa. Case No. 2:18-cv-02880

1. 5/27/2016 email from Plaintiff to Bambi Gay.

2. 6/1/2016 email from Plaintiff to Lisa Jordan.

3. 6/13/2016 email from Plaintiff to Brenda Delp.

4. 6/15/2016 email from Plaintiff to Alyssa Pepenelli.

5. 6/15/2016 email from Plaintiff to Defendant Jackson.

6. 6/15/2016 email from Plaintiff to Janee Johnson and Paula Ward.

7. 6/16/2016 email from Plaintiff to Daniel F. Daley.

8. 6/17/2016 email from Plaintiff to Daniel F. Daley.

9. 6/17/2016 email from Plaintiff to Irma Evearts.

10. 6/17/2016 email from Plaintiff to Estelle Price..

11. 6/18/2016 at 11:05 PM email from Plaintiff to Bambi Gay.

12. 6/18/2016 at 2:42 PM email from Plaintiff to Bambi Gay.

13. 6/18/2016 email from Plaintiff to Patti Cohen, M.D..

14. 6/20/2016 at 8:58 AM email from Plaintiff to Lisa Jordan.

15. 6/20/2016 at 4:48 PM email from Plaintiff to Lisa Jordan.

16. 6/20/2016 email from Plaintiff to Daniel F. Daley.

17. 6/22/2016 email from Plaintiff to Daniel F. Daley.

18. 6/22/2016 from Plaintiff email to Al Gury.

19. 6/22/2016 email from Plaintiff to Irma Evearts and Daniel F. Daley.

20. 8/17/2016 email from Plaintiff to Rebecka Peebles, M.D..

21. 6/22/2016 email from Plaintiff to Lisa Jordan.

22. 6/23/2016 email from Plaintiff to Kathryn Dettmer-Amelia Shamble.

23. 6/23/2016 email from Plaintiff to Daniel F. Daley.

24. 6/24/2016 email from Plaintiff to Lisa Jordan.

25. 6/24/2016 email from Plaintiff to Daniel F. Daley..

26. 6/25/2016 at 8:08 PM email from Plaintiff to Daniel F. Daley.

27. 6/25/2016 at 8:16 PM email from Plaintiff to Daniel F. Daley.

28. 6/26/2016 email from Plaintiff to Daniel F. Daley.

29. 6/27/2016 at 2:48 PM email from Plaintiff to Irma Evearts.

30. 6/28/2016 email from Plaintiff to Daniel F. Daley.

31. 6/27/2016 at 8:42 AM email from Plaintiff to Irma Evearts.

32. 7/6/2016 email from Plaintiff to Daniel F. Daley.

33. 6/28/2016 email from Plaintiff to Lisa Jordan.

34. 7/1/2016 email from Plaintiff to Daniel F. Daley, Bambi Gay, Irma Everts, and Kate Kohler.

35. 8/16/2006 from Plaintiff email to Plaintiff's gmail account forwarded from her former work
email at the Centers for Disease Control and Prevention showing CHOP affiliations.

36. 6/22/2016 email from Daniel F. Daley to Defendant Cohen.

37. 6/26/2016 email from Daniel F. Daley to Defendant Cohen.

38. 7/1/2016 email from Daniel F. Daley to Defendant Cohen.

39. 7/7/2016 email from Daniel F. Daley to Defendant Cohen.

40. 7/31/2016 email from Daniel F. Daley to Defendant Cohen.

41. 6/17/2016 copy of letter from United Healthcare addressed to Plaintiff.

42. 6/17/2016 fax to K's primary care provider of letter from United Healthcare addressed to
CHOP.

43. "Ht Readings from last 9 Encounters" and "Wt Readings from Last 10 Encounters"of 5/18/2016 email from Ellen Ross, M.D., to Plaintiff. Authenticated by Dr. Ross on 5/26/2020.

44. "Stature -for-age Percentiles"of 5/18/2016 email from Ellen Ross, M.D., to Plaintiff. Authenticated by Dr. Ross on 5/26/2020.

45. "Weight -for-age Percentiles"of 5/18/2016 email from Ellen Ross, M.D., to Plaintiff. Authenticated by Dr. Ross on 5/26/2020.

46. Plaintiff's email to Dr. Ross of 5/16/2016 to which Exhibits 43, 44 and 45 are responsive.

47. 8/3/2016 email from Ellen Ross, M.D., to Plaintiff. Authenticated by Dr. Ross on 5/26/2020.

48. 5/31/2016 letter from Janee Johnson of the Philadelphia Department of Human Services to Plaintiff.

49. 7/31/2019 redacted records from Montgomery County Office of Children and Youth.

50. Document Plaintiff showed to Defendant Hoeveler on 6/27/2016 written by Kathleen Kohler.

51. Itemized bill from CHOP.

52. Document produced in response to Plaintiff's request for her child's medical records on 6/19/2016.

53. Document produced in response to Plaintiff's request for her child's medical records on 1/9/2018.

54. Pages 524 to 525 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

55. Page 764 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

56. Page 531 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

57. Pages 608 to 627 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

58. Chart summarizing voluminous records of all weights obtained at CHOP during K's eating disorder.

59. Chart summarizing voluminous records of all differences between upright and supine heart rate obtained at CHOP during K's eating disorder.

60. Common Criteria Supportive of Admission of Patients with Malnutrition. *Note: Opposing counsel has objected to this being an exhibit stating it is protected information and a "trade secret". Plaintiff reserves the right to substitute equivalent, peer reviewed, published criteria if this document is not admitted.*

61. Malnutrition, Weight Loss and Eating Disorders Clinical Pathway — ICU and Inpatient Discharge Criteria. https://www.chop.edu/clinical-pathway/malnutrition-weight-loss-and-eating-disorders-discharge-criteria.

62. Page 247 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

63. CHOP Consent Form–attachment with 7/1/2016 email from Plaintiff to Daniel F. Daley, Bambi Gay, Irma Everts, and Kate Kohler.

64. Pages 73 to 84 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

65. Page 732 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

66. Pages 735 to 740 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019..

67. Page 733 to 734 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

68. Page 741 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

69. Pages 730 to 731 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

70. Page 723 to 727 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

71. Page 1 to 12 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

72. Document Defendants received from Miroslaw Kozlowski subpoena with Renfrew letterhead, 6/14/2016.

73. Pennsylvania Department of State Certification of Non-Licensure of Brittany N. McLaughlin

74. CHOP Direct Deposit showing "EMPLOYEE NAME"

75. Document Defendants received from Miroslaw Kozlowski subpoena of fax to Pennsylvania child protective services signed by Defendant Poncz, 5/28/2016.

76. Page 70 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

77. Page 92 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

78. Page 103 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

79. Page 110 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

80. Page 117 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

81. Page 125 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

82. Page 132 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

83. Page 145 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

84. Page 160 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

85. Page 167 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

86. Page 177 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

87. Page 183 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

88. Page 190 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

89. Page 197 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

90. Page 222 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

91. Page 226 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

92. Page 235 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

93. Page 173 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

94. Page 115 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

95. Document from the Pennsylvania Department of Human Services to Katherine Gay, 7/18/2016.

96. Malnutrition, Weight Loss and Eating Disorders Clinical Pathway — ICU and Inpatient Higher Level of Care. https://www.chop.edu/clinical-pathway/malnutrition-weight-loss-and-eating-disorders-higher-level-care.

97. Page 170 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

98. Behavioral Health Discharge Disposition Clinical Pathway — Inpatient, High Acuity
Transfer. https://www.chop.edu/clinical-pathway/behavioral-health-discharge-disposition-
high-acuity.

99. Inpatient Clinical Pathway for Children with Behavioral Health Discharge Disposition.
https://www.chop.edu/clinical-pathway/behavioral-health-discharge-disposition-clinical-
pathway.

100. 5/31/2016 email from Defendant Lantzouni to Carol Ford and Defendant Cohen.

101. 6/21/2016 email from Defendant Lantzouni to Carol Ford.

102. 6/22/2016 email from Defendant Cohen to Carol Ford.   .

103. Photo in ICU of Rachel Thomas and Plaintiff's child on 6/18/2016, taken by Plaintiff.

104. Photo in ICU of the program for a local event brought by Rachel Thomas for Plaintiff's
child, taken by Plaintiff.

105. Photo in ICU of Plaintiff's child with friends on 6/16/2016, taken by Irma Evearts.

106. Photo in ICU of Plaintiff's child with Plaintiff on 6/22/2016, taken by Estelle Price.

107. Photo in ICU of Plaintiff's child on 6/22/2016, taken by Plaintiff.

108. Doodle by Plaintiff's child shortly after CHOP discharge.

109. Assignment by Renfrew for Plaintiff's child after CHOP discharge.

110. Page 94 of document produced in response to Plaintiff's request for her child's medical
records on 6/18/2019.

111. Page 93 of document produced in response to Plaintiff's request for her child's medical
records on 6/18/2019.

<u>Plaintiff's Exhibit Index</u>          E.D.Pa. Case No. 2:18-cv-02880

112. Page 24 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

113. Page 96 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

114. Contacts for Renfrew given to CHOP staff.

115. Page 128 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

116. Page 86 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

117.Page 104 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

118. Page 721 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

119. American Medical Association State law chart: Nurse Practitioner Practice Authority.

120. Document Defendants received from Miroslaw Kozlowski subpoena on Letterhead of Ardmore Chestnut Pediatrics.

121. Page 700 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

122. 5/19/2016 email from Plaintiff to Miroslaw Szczepan Kozlowski.

123. 5/18/2016 email from Plaintiff to Anne Knab.

124. 4/8/2016 email from Plaintiff to Miroslaw Szczepan Kozlowski.

125. 5/11/2016 email from Plaintiff to Miroslaw Szczepan Kozlowski.

126. 5/16/2016 email from Plaintiff to Miroslaw Szczepan Kozlowski.

127. Page 27-30 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

128. Child Protection Team. https://www.chop.edu/services/child-protection-team.

129. DSM-5, pp. 137-139.

130. Initiation of Nutritional Rehabilitation and Ongoing Care . https://www.chop.edu/clinical-pathway/malnutrition-weight-loss-eating-disorders-clinical-pathway.

131. 6/20/2016 email from Rachel Thomas to Plaintiff.

132. Peebles R, Lesser A, Park CC, et al. Outcomes of an inpatient medical nutritional rehabilitation protocol in children and adolescents with eating disorders. *J Eat Disord*. 2017;5:7. Published 2017 Mar 1. doi:10.1186/s40337-017-0134-6 .

133. Page 38 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

134. ICU and Inpatient Clinical Pathway for Evaluation/Treatment of Children with Malnutrition, Weight Loss, and Eating Disorders. https://www.chop.edu/clinical-pathway/malnutrition-weight-loss-eating-disorders-clinical-pathway.

135. Page 41-42 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

136. Page 154 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

137. Page 118 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

138. Page 100-103 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

139. WMP1 - Implementation of a Novel Clinical Program on a Pediatric Inpatient Medical Stabilization Unit for Eating Disorders. (November 15, 2019) https://www.eventscribe.com/2019/CLP/ajaxcalls/PresentationInfo.asp?efp=QkZIQUttOVVA0MjA0&PresentationID=585627&rnd=0.2910667.

140. Photo in ICU of patient's white board on 6/27/2016, taken by Plaintiff.

141. Page 214 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

142. Page 211-213 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

143. Page 209-210 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

144. Page 161 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

145. Page 153 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

146. Page 139 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

147. Page 136-137 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

148. Page 127 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

149. Page 123-126 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

150. Page 131 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

151. Photo in ICU of Plaintiff's child on 6/25/2016, taken by Plaintiff.

152. Photo in ICU taken by Plaintiff's child on 6/23/2016.

153. Plaintiff's contemporaneous notes, recored at CHOP form 6/17 to 6/30/2016, inclusive.

154. Page 765 of document produced in response to Plaintiff's request for her child's medical records on 6/18/2019.

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick Harrington, do hereby certify that on this date I served a true and correct copy

of the foregoing Motion *in limine* to be served by the Court's ECF system to all counsel and

unrepresented parties of record

Dated:  April 16, 2021                    */s/ Patrick M. Harrington*
                                           Patrick M. Harrington, Esq.
                                           Danielle Goebel, Esq.
                                           DILWORTH PAXSON LLP
                                           1500 Market Street, 1500E
                                           Philadelphia, PA 19102
                                           Tel:  215-575-7000
                                           *Attorneys for Defendants*