*United States District Court for the Eastern District of Pennsylvania*

Kathryn Gay,

   *Plaintiff*

v.                                      Case No.: 2:18-cv-02880

Children's Hospital of Philadelphia (CHOP), *et al.*

   *Defendants*

2021 APR 16 P 5: 03

USDC-EDPA

## **PLAINTIFF'S TRIAL MEMORANDUM**

Kathryn Gay, Plaintiff, hereby provides her Trial Memorandum. Pursuant to the Final Pretrial Order in this case, Plaintiff is providing the Court with a trial memorandum summarizing the facts and legal issues involved in the case.

On June 14, 2018, Plaintiff sent, *via* certified USPS mail, her initial complaint in the present action under 24 U.S.C. §1983 alleging "that her constitutional rights were violated when the Defendants institutionalized her minor child (now deceased) daughter ('K') from June 14, 2016, through July 1, 2016, without parental consent for non-medical reasons." ECF 21, footnote 2. Plaintiff's post traumatic stress syndrome disease became severe *after* she received her child's grossly deficient Children's Hospital of Philadelphia, CHOP, medical records on March 12, 2018, when the egregious extent of Defendants' actions became apparent. The realization that the experts Plaintiff sought for help did not believe and summarily dismissed her words and those of her daughter took a devastating psychological toll.

On June 13, 2016, K was medically cleared by her primary care provider to start the intake process for the Renfrew Center of Southern New Jersey's intensive eating disorder program (Renfrew) the following day. Plaintiff took K to CHOP the evening of June 14, 2016, to obtain a missing phosphorus blood test and confirm cardiovascular stability for completing the intake process at Renfrew. K appeared medically stable for outpatient treatment on presentation to CHOP. Plaintiff asked for the test results and leave to resume the intake process at Renfrew the following morning. Around midnight, Plaintiff was informed of, and agreed to, an Adolescent Medicine consultation recommendation to monitor K's heart rate while she slept that night. Plaintiff was never told that K was being transferred to the intensive care unit (ICU) nor given copies of any requested CHOP documents.

Plaintiff was told that a letter containing a printed history of K's eating disorder prepared for Renfrew would be given to the CHOP social worker on duty the night of June 14-15, 2016. Each of the ICU Adolescent Medicine doctors, Defendants Eleni Lantzouni, Jennifer Louis- Jacques, Michele Zucker, Leela Jackson and Katie Hoeveler, read the letter prepared for Renfrew. They were also aware that K had disclosed to multiple staff that she did not feel safe in the presence of her father. During the seventeen days of K's ICU confinement, Plaintiff was only given access to a single CHOP social worker, who was antagonistic toward Plaintiff, or indifferent at best. The ICU Adolescent Medicine doctors and Alan R. Cohen were all aware of Plaintiff's difficulty with this social worker and Plaintiff's exasperation at not being given access to K's records, or information about her

daughter's medical management, beyond being told that Plaintiff was not at liberty to remove her child from the hospital to pursue treatment at Renfrew.

During the first few days in ICU, Plaintiff was told that K was being held to monitor her medical stability. Although Plaintiff was never permitted access to K's records, she observed staff worried about her child's weight loss *after admission* when the hospital restricted her caloric intake from what K ate at home. Following the second, and last, "team meeting" on June 20, 2016, Plaintiff was told that CHOP would not release K because although the child was medically stable, the "home situation" was not. Therefore, it can be reasonably inferred that CHOP and individual doctors placed K into protective custody, becoming actors of the state under Pennsylvania law. In the process, Defendants violated Plaintiff's constitutional rights by illegally seizing K and disallowing Plaintiff's fundamental liberty interest in the care, custody, and management of her child. After K's discharge from CHOP, Plaintiff learn that Mortimer Poncz had initiated child protection proceedings against her shortly before the hospitalization.

Despite multiple requests for her daughter's inpatient medical records, Plaintiff did not receive them until May 12, 2019, in response to the matter currently before the Court. Physician notes for each of the additional seventeen days K was retained at CHOP state that there was a child protection case against Plaintiff. Throughout the discovery process, Defendants have been duplicitous by obfuscating responses to Plaintiff's discovery requests, and by their "inability" to find documents pertaining to K's medical clearance and child safety. Plaintiff's claims about the involvement of Pennsylvania child protective services

and her daughter's medical clearance are evidenced by objective third parties and CHOP's own records. In contrast, the opposition's only non-litigant evidence is that of K's father, a former CHOP employee and child abuse suspect known to have fabricated medical records. Plaintiff's greatest weakness in this case is that she lacks legal representation.

**CHOP *et al*'s defenses:**

Defendants maintain that they are not state actors, alleging that the hospitalization was medically necessary at all times. Additional affirmative defenses include asserting that Plaintiff's claims are barred by the "applicable statutes of limitations and/or the doctrine of laches" and "the doctrines of in pari delicto and/or unclean hands."


Respectfully submitted,

Kathryn Gay


1830 Manning Street
Unit 3
Philadelphia, PA 19103

*Pro se*                                          DATE: April 16, 2021

**Certificate of Service**

I, Kathryn Gay, hereby certify that on April 16, 2021, a copy of the forgoing *PLAINTIFF'S TRIAL MEMORANDUM* was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of same was served by hand delivery to the office of:

Patrick M. Harrington
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA  19102-2101
*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay
1830 Manning Street, Unit 3
Philadelphia, PA 19103
*Pro se*

Dated: April 16, 2016