**United States District Court for the Eastern District of Pennsylvania**

Kathryn Gay,

Plaintiff

v.

Children's Hospital of Philadelphia

(CHOP), *et al.*

Defendants

2021 MAY -7 P 2: 22

USDC-EDPA

Case No.: 2:18-cv-02880

## PLAINTIFF'S OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE TESTIMONY OF JANEÉ JOHNSON

Plaintiff hereby respectfully submits this memorandum in opposition to Defendants' motion *in limine* to exclude the testimony of Janeé Johnson, [ECF 128]. Defendants misrepresent Plaintiff's assertions in this case and in this motion, Ms. Johnson's declaration.

Once again, Defendants misrepresent a witness' words, "...Ms. Johnson admits that she was on vacation during K's hospitalization at CHOP..." [ECF 128, p.3] Although she was on vacation during *part* of the hospitalization, Ms. Johnson worked on K's case remotely, by phone and email. Defendants' memorandum references multiple communications with DHS in the CHOP records.[ECF 128, p.4] While it is true that the CHOP records contain hearsay within hearsay, as the *only* DHS agent assigned to K's case, Ms. Johnson is qualified to testify on such

1

hearsay within the CHOP records. Presumably, information in the patient's records, hearsay or not, was considered by Defendants in determining whether or not Plaintiff could remove K from the hospital.

Defendants state that "Ms. Johnson's proffered testimony, as stated in her declaration, has nothing to do with this issue and instead consists largely of a discussion of the jurisdictional issues she encountered in the course of her investigation due to a competing report that was filed in Montgomery County." [ECF 128, p. 3] *The jurisdictional issues that Ms. Johnson encountered were due to a competing report that was filed in Montgomery County by Defendant Poncz, without good cause.*

The jurisdictional issues are in fact relevant to Plaintiff's case and evidence Defenants' disregard for child protection as well as their motivation for illegally retaining K. It is Poncz's report of K's mother, Plaintiff, that instigated child protection procedures against Plaintiff to which Ms. Johnson responded in her professional capacity with the Philadelphia Department of Human Services (DHS). Her investigation determined that the allegations were unfounded, but the child needed protection from the father, a former CHOP employee.[1] An entry in K's medical records reflect that DHS had concerns about the father. However, individuals at the hospital took it upon themselves to dismiss these concerns. The physician progress note for each of the seventeen days K was detained in ICU states that there is an open child protection against the mother. Under Pennsylvania Child Protection Law, Defendants were obligated to cooperate with the investigation of suspected abuse/neglect. The Defendants' obstruction of an active child

---

[1] The father, Miroslaw Kozlowski, is a former CHOP employee as evidenced by his name entered under "EMPLOYEE NAME" in an original "Direct Deposit Advice" for "THE CHILDREN'S HOSP OF PHILA" and his author affiliation on a self-authenticating document. Despite this evidence, Defendants have stated, under oath, that Miroslaw Kozlowski never worked for CHOP.

2

abuse investigation and thwarting Plaintiff's own efforts to advocate for her child are at issue in this case.

Ms. Johnson's testimony is probative of what the Defendants should have done after being made aware of child protection issues. Ms. Johnson in her professional capacity has personal knowledge of Philadelphia's procedures and laws for mandated reporters. Her testimony will provide evidence that Defendants did not act in accordance with Pennsylvania child protection laws. And Plaintiff will provide additional evidence delineating why Defenants chose to ignore Pennsylvania law.

Further, the CHOP records are business records, clearly admissible under the business records exception to the rule against hearsay. All underlying conversations were recorded in the medical records during the normal course of business and are therefore admissible. Moreover, even if the underlying conversations constitute double hearsay – which it does not – they are being offered to show notice, motive, intent, or common plan, all of which are valid exceptions or exclusions to the rule against hearsay. Double hearsay is admissible if it falls within its own independent exception to the hearsay rule. Fed. R. Evid. 805.

Ms. Johnson, as a fact witness, will provide relevant, probative evidence on the child protection practices at issue in this case. Each of the seventeen days that K was retained in ICU, the daily physician note states that there is an open DHS case against Plaintiff. It is true that Ms. Johnson is not a designated expert witness. She is a fact witness with expert knowledge and also has knowledge on facts that do not require expert testimony. As *the* highly trained child protection officer assigned to K's case, Ms. Johnson coordinated the investigation of the allegations against Plaintiff. Because of the severity of the alleged medical neglect by Plaintiff

in Defendant Poncz's report to Montgomery County, a medical investigation was implemented by Ms. Johnson. This included interviewing K's primary care provider, incorporating information of other DHS agents from area hospitals (including CHOP) and K's physical examination conducted by a DHS medical professional.

If Defendants are allowed to opine on their care and treatment of K without medical testimony, Plaintiff should be allowed to question Ms. Johnson on her child protection investigation and her opinion of whether Defendants acted as medical professionals with respect to child protection protocols, policies, and law. There is no need for expert opinion on this issue. If there was, Defendants would similarly need an expert on all the medical facets of their case. In addition, not all testimony requires expert testimony. This is not a scientific opinion outside the purview of the average person and thus requiring an expert to opine on it. Rather, this is the interpretation of child custody practices and procedures. The average juror can and will understand that mandated reporters should have reported abuse.

Further, Ms. Johnson is not a medical professional herself, but she is professionally trained to assess the reports of the medical professionals consulted when investigating child abuse. To be perfectly clear, Ms. Johnson will only testify on her knowledge of K's medical status prior to hospital admission, NOT medical data within the CHOP records. However, as the primary DHS agent on K's case, Janeé Johnson, M.S.W., L.S.W., is qualified to testify on DHS's involvement within the CHOP records. The probative value of Janeé Johnson's testimony clearly outweighs the potential for undue prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF JANEÉ JOHNSON.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*

DATE: May 7, 2021

## Certificate of Service

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF JANEÉ JOHNSON was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
   *Pro se*

Dated: March 7, 2021