Dear filing clerk,

Exhibit A of this praecipe consists of the signed signature pages for the seventeen (17)

responses filed on 5/7/2021. Please substitute these signed signature pages for the

corresponding unsigned signature pages. (The ECF number is at the top of the signed

page. They should NOT be given a new ECF number.)

*United States District Court for the Eastern District of Pennsylvania*

Kathryn Gay,

 *Plaintiff*

2021 MAY 11  P 10: 16

USDC-EDPA

 v.            Case No.: 2:18-cv-02880

Children's Hospital of Philadelphia (CHOP), *et al.*

 *Defendants*

### <u>PLAINTIFF'S PRAECIPE TO SUBSTITUTE SIGNATURE PAGES IN</u>

### <u>RESPONSES TO DEFENDANTS' MOTIONS *IN LIMINE*</u>

  Plaintiff respectfully submits this praecipe to substitute signature pages in responses to Defendants' motions *in limine*.[1] On May 7, 2021, Plaintiff filed seventeen (17) responses to Defendants' motions *in limine*. Upon realizing that requisite signatures had inadvertently been omitted, she promptly corrected her error pursuant to Federal Rules of Civil Procedure 11(a). Accordingly, the corrected signature pages are attached for ECFs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169 and 170. [Exhibit A]

Respectfully submitted,

Kathryn Gay

1830 Manning Street
Unit 3
Philadelphia, PA 19103

  *Pro se*            DATE: May 11, 2021

---

[1] Plaintiff apologizes to the Court for submitting responses without signatures. Plaintiff, due to the sheer volume of filings, is doing her best to keep up and follow procedural rules.

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 11, 2021, a copy of the forgoing

*PLAINTIFF'S PRAECIPE TO SUBSTITUTE SIGNATURE PAGES IN RESPONSES TO*

*DEFENDANTS' MOTIONS IN LIMINE* was filed at the United States District Court for the

Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office

of:

Patrick M. Harrington
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay
1830 Manning Street, Unit 3
Philadelphia, PA 19103
*Pro se*

Dated: May 11, 2021

Exhibit A

Case No.: 2:18-cv-02880                    ECF 154

AND RACHEL THOMAS. Plaintiff previously informed Defendants that she voluntarily

excluded George Brook Gay III and Brook Gay as witnesses.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                                    DATE: May 7, 2021

## Certificate of Service

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF IRMA EVEARTS, AISHA AL-MUID, GEORGE BROOK GAY III,  BROOK GAY, BAMBI GAY, AND RACHEL THOMAS was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        *Pro se*

Dated: March 7, 2021

than Ms. Price. The email referenced in the Motion represents Mr. Price's present sense impressions, relating to a startling event and conditions, written immediately after one of her visits during the hospitalization.[1] This witness was disclosed as an individual likely to have discoverable information which may support Plaintiff's claims on April, 17, 2019. Statements made by the witness in court of her firsthand observations are <u>NOT</u> hearsay. Moreover, at least one defendant had knowledge of Ms. Price's email during the hospitalization. Yet this defendant was evasive in admitting such knowledge during discovery, withholding known communications specifically referencing Ms. Price's email.  The probative value of Ms. Price's testimony clearly outweighs the potential for undue prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE TESTIMONY ESTELLE PRICE.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                    DATE: May 7, 2021

---

[1] Although CHOP records indicate that K was emotionally abused by her father, Defendants take exception to noted "emotional abuse" in Ms. Price's email, based on what she saw and heard with her own eyes and ears. [ECF 126, p. 2]

Case No.: 2:18-cv-02880          ECF 155

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S OPPOSITION TO THE MOTION _IN LIMINE_ OF DEFENDANTS TO**

**EXCLUDE THE TESTIMONY ESTELLE PRICE** was filed at the United States District

Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail

to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

_Attorneys for Children's Hospital of Philadelphia_

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        _Pro se_

Dated: March 7, 2021

Case No.: 2:18-cv-02880          ECF 156

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DANIEL

DALEY.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
          *Pro se*                                          DATE: May 7, 2021

Case No.: 2:18-cv-02880                    ECF 156

**<u>Certificate of Service</u>**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY

OF DANIEL DALEY was filed at the United States District Court for the Eastern District of

Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
      *Pro se*

Dated: March 7, 2021

**CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF JANEÉ

JOHNSON.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                        DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 157

## **Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY

OF JANEÉ JOHNSON was filed at the United States District Court for the Eastern District of

Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
      *Pro se*

Dated: March 7, 2021

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE TESTIMONY GILDA

JOHNSON.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                                          DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 158

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO**

**EXCLUDE  THE TESTIMONY OF GILDA JOHNSON**  was filed at the United States

District Court for the Eastern District of Pennsylvania, and a copy of same was served by first

class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        *Pro se*

Dated: March 7, 2021

Case No.: 2:18-cv-02880          ECF 159

does, and can testify as to the veracity of the emailed document's contents which describes

violation of specific parental rights. As such, the purpose of her testimony would be to

authenticate the documents. As stated in ECF 120, Plaintiff has no intention of calling on

Kathleen Kohler as a witness. Defendants' Motion is moot. The probative value of Ms. Kohler's

document (Trial Exhibit 50), which Plaintiff showed to a defendant during the hospitalization,

clearly outweighs the potential for undue prejudice.


**CONCLUSION**

For the aforementioned reasons, the DEFENDANTS'  MOTION *IN LIMINE* TO

EXCLUDE THE TESTIMONY OF KATHLEEN KOHLER is moot. Plaintiff has voluntarily

withdrawn Kathleen Kohler's testimony.



Respectfully submitted,



Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

         *Pro se*                                    DATE: May 7, 2021

## Certificate of Service

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF KATHLEEN KOHLER was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        *Pro se*

Dated: March 7, 2021

constitutional questions and is prejudicial towards Kathryn Gay. However, evidence that related

hearsay and unfounded allegations against Plaintiff were factors in Defendants' decisions to

admit and retain K should be allowed. This is the essence of <u>Plaintiff's Amended Motion *in*</u>

<u>*Limine* to Limit Evidence of Child Abuse/Neglect Outside of CHOP</u>, ECF 149. Need for Ms.

Fischer's testimony is moot should the Court grant this motion.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF LAUREN

FISCHER unless it grants <u>Plaintiff's Amended Motion *in Limine* to Limit Evidence of Child</u>

<u>Abuse/Neglect Outside of CHOP</u>, ECF 149, rendering Ms. Fischer's testimony moot.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

   *Pro se*                                              DATE: May 7, 2021

Case No.: 2:18-cv-02880 ECF 160

**<u>Certificate of Service</u>**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

RESPONSE TO THE MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE

TESTIMONY OF LAUREN FISCHER was filed at the United States District Court for the

Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office

of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2104

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
   *Pro se*

Dated: March 7, 2021

medical condition prior to her admission to CHOP is not relevant" is clearly false. [ECF 136, p. 3]

Dr. King and Ms. Johnson are qualified to testify about their own data. This witness is listed in Plaintiff's Final Pretrial Memorandum of August 10, 2020, and Ms. Johnson was disclosed as an individual likely to have discoverable information which may support Plaintiff's claims on April, 17, 2019. Statements made by the witness in court of his firsthand observations and medical data from his practice are <u>NOT</u> hearsay.

The contribution of child maltreatment to K's medical condition, and the hospital's role in child protection, legally mandated by the state, are key issues in this case. Plaintiff's letter referenced in Defendants' memorandum [ECF 136, p. 1 & 3], describes a conversation in which Dr. King informed Plaintiff of CHOP's duty to protect K from child abuse. During K's hospitalization, Defendants Lantzouni, Louis-Jacques, Zucker and Hoeveler each verbally confirmed that they had read this letter. Defendant Jackson references an emailed version of this letter in the CHOP records. Dr. Cohen had knowledge of the letter's contents. Although Plaintiff is the author of this letter, her report of Dr. King's words is hearsay. Dr. King's testimony is necessary to demonstrate his position on K's medical stability and protection based on his personal knowledge.

Furthermore, Dr. King is copied on a letter from K's insurer to the hospital which states that inpatient admission was not medically necessary as determined by physician review of CHOP's records. This letter further states that, "[o]bservation is approved if ordered by the doctor." Presumably, one of CHOP's doctors ordered observation since the insurer did pay a

portion of CHOP's charges *after* discharge.[1] The probative value of Dr. King's testimony far outweighs any danger of undue prejudice.

Lastly, Dr. King is permitted to testify regarding his care and treatment of K and offer testimony that rebuts Defendants' repeated assertion that K's retention at CHOP was medically necessary. Dr. King was K's primary care doctor leading up to K's retention. He and Gilda Johnson observed and treated her for the eating disorder which Defendants used as pretext to illegally retain K. He can offer testimony that rebuts Defendants' repeated assertion that K's retention at CHOP was medically necessary. K's medical history is certainly relevant to the care that K received and Defendants' determination that her inpatient stay was medically necessary. Granting the motion to exclude testimony from a non-defendant doctor who treated K's eating disorder that refutes the defense of inpatient medical necessity, while allowing nonexpert testimony from doctors who are defendants, would be unfairly prejudicial.

Defendants ask the Court to ignore K's medical history that precipitated her inpatient stay. Essentially, they want the Court and the jury to take their assertions that K's hospitalization was medically necessary and ignore her medical history which indicates otherwise. The Court should ignore Defendants attempts to discount K's medical history when they themselves have placed this – the necessity of inpatient hospitalization – squarely at issue in this case.

---

[1] Although Plaintiff received a bill from CHOP, it was eventually waived. Defendants have failed to produce *any* communications with the insurer. This includes the initial insurance denial addressed to CHOP, signed by an M.D., on the same day as the corresponding letter received by Plaintiff and subsequently handed over CHOP staff during the hospitalization.

Case No.: 2:18-cv-02880                    ECF 161

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE TESTIMONY FRANK KING.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

    *Pro se*                                              DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 161

## Certificate of Service

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO**

**EXCLUDE  THE TESTIMONY OF FRANK KING**  was filed at the United States District

Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail

to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
     *Pro se*

Dated: March 7, 2021

Case 2:18-cv-02880-NIQA   Docume

normal 12-year-old child" on the day she was admitted to CHOP. [ECF 73 at p.36 ¶5.] Dr. Lazar

can further testify on how the subsequent seventeen day retention of K in CHOP's Intensive Care

Unit disrupted the lives of Plaintiff and her child, of which the school was a major part.[2] All of

this testimony is highly relevant to Plaintiff's claims and damages. The probative value of Dr.

Lazar's testimony clearly outweighs the potential for undue prejudice.

**CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE THE TESTIMONY DANIEL

LAZAR.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                                                DATE: May 7, 2021

---

[2] Defendants responded to Plaintiff's August 20, 2019, Request for Information regarding communications between the hospital and K's school, listed on the provider contact list for Renfrew, "[a]nswering Defendant would also note that K was inpatient during the Summer 2016". This discounts the fact that K was admitted while school was in session.

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO**

**EXCLUDE  THE TESTIMONY OF DANIEL LAZAR**  was filed at the United States District

Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail

to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        *Pro se*

Dated: March 7, 2021

Plaintiff has presented evidence that Defendants intentionally withheld her child and in the process recklessly and/or intentionally subjected her child to an abusive father's continued presence. This is conduct that assuredly could warrant a punitive damages finding from the jury.

Lastly, Plaintiff notes in the opening paragraph of her response to the *Motion in Limine of Defendants to Strike Certain Equitable Relief Sought by Plaintiff* that "the purpose [of equitable relief] is similar to the Third District's *4.8.3 Section 1983 – Punitive Damages* Model, p. 96 (July 2019), '….to deter the defendant[s] and others like the defendant[s] from committing such conduct in the future.'" [ECF 107, p. 1] She clearly states that her intention for this relief is to help prevent other families from experiencing what she went through at CHOP. It is for the trier of fact, the jury, to determine if the legal requirements for punitive damages are satisfied, *after hearing the evidence*. The probative value of evidence supporting Plaintiff's claim for punitive damages clearly outweighs the potential for undue prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the MOTION *IN LIMINE* OF DEFENDANTS TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE AT TRIAL IN SUPPORT OF HER CLAIM FOR PUNITIVE DAMAGES.

Respectfully submitted,

Kathryn Gay
1830 Manning Street, Unit 3
Philadelphia, PA 19103
          *Pro se*                                                    DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 163          .

**<u>Certificate of Service</u>**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO PRECLUDE

PLAINTIFF FROM OFFERING EVIDENCE AT TRIAL IN SUPPORT OF HER CLAIM FOR

PUNITIVE DAMAGE, was filed at the United States District Court for the Eastern District of

Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
    *Pro se*

Dated: March 7, 2021

Case No.: 2:18-cv-02880               ECF 164

medical history was used by Defendants to determine the patient's goal weight. This goal weight, *based on non-CHOP medical data*, is referenced throughout the CHOP records. CHOP's diagnosis of "severe malnutrition" is based on the goal weight calculated from non-CHOP data originating with Dr. Ross' emails, which contradicts CHOP's own physical examination finding that K was "well nourished". Defendants maintain that they are not state actors based on their contention that K's hospitalization at CHOP was medically necessary at all times due to "severe malnutrition". Furthermore, these emails reference Plaintiff's attempts to obtain help for her daughter prior to hospital admission, facts which Defendants dispute related to the unfounded child negligence claims against Plaintiff. As stated at the Final Pretrial Conference, Plaintiff has no intention of calling on Dr. Ross as a witness. Her testimony would only be required to authenticate her own emails. The probative value of these emails clearly outweighs the potential for undue prejudice.[2]

**CONCLUSION**

For the aforementioned reasons, the DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ELLEN ROSS is granted, in part. Dr. Ross' testimony at trial is not required to authenticate the emails which she authenticated in writing on May 26, 2020.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
                    *Pro se*                                              DATE: May 7, 2021
_____

[2] See <u>Plaintiff's Response  to the Motion *in Limine* of Defendants to Exclude Plaintiff's Exhibit: Ellen I. Ross, M.D. – Emails</u>.

Case No.: 2:18-cv-02880          ECF 164

**<u>Certificate of Service</u>**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing response to

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF ELLEN ROSS

was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy

of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
        *Pro se*

Dated: March 7, 2021

Case No.: 2:18-cv-02880                    ECF 165

7.  Assuming, *arguendo*, that there was an unjustifiably late disclosure, which Plaintiff

maintains there was not, the Court should not exclude any relevant exhibit. "[T]he

exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent

a showing of willful deception or 'flagrant disregard' of a court order by the proponent of

the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d

Cir.1977) at 35 (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99) (3d

Cir.1977). Plaintiff has not shown willful deception or "flagrant disregard" of a court

order. Plaintiff has done her best to comply with all court orders in light of the fact that

she remains *pro se*.

**CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO

EXCLUDE PLAINTIFF'S NEWLY IDENTIFIED AND NOT PREVIOUSLY DISCLOSED

TRIAL EXHIBITS.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                        DATE: May 7, 2021

**Certificate of Service**

.

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION

*IN LIMINE* TO EXCLUDE PLAINTIFF'S NEWLY IDENTIFIED AND NOT PREVIOUSLY

DISCLOSED TRIAL EXHIBITS, was filed at the United States District Court for the Eastern

District of Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
     *Pro se*

Dated: May 7, 2021

.

which they are based should not be permitted unless it is demonstrated that this influenced Defendants' decision to retain K. Defendants must lay the proper foundation before attacking Plaintiff with these allegations in her case in chief.

In contrast, the probative value of testimony demonstrating the influence of domestic violence allegations on Defendants' decision to retain Plaintiff's child clearly outweighs the potential for undue prejudice, namely because it is relevant to liability and damages.

**CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests that the Court grant in part, and deny in part, the MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE TESTIMONY REFERRING TO DOMESTIC VIOLENCE. The Court should only allow the parties to submit evidence of child abuse/neglect that forms the basis of Defendants' understanding of the domestic situation during K's hospitalization, from June 14 through July 1, 2016.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                              DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 166

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S RESPONSE TO THE MOTION *IN LIMINE* OF DEFENDANTS TO**

**EXCLUDE  TESTIMONY REFERRING TO DOMESTIC VIOLENCE**,  was filed at the

United States District Court for the Eastern District of Pennsylvania, and a copy of same was

served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
    *Pro se*

Dated: March 7, 2021

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE PLAINTIFF'S EXHIBIT NOS. 29,

31, AND 32.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                              DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 167

.

## Certificate of Service

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**PLAINTIFF'S OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO**

**EXCLUDE PLAINTIFF'S EXHIBIT NOS. 29, 31, AND 32** was filed at the United States

District Court for the Eastern District of Pennsylvania, and a copy of same was served by first

class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
    *Pro se*

Dated: March 7, 2021

on April 16.[1] Accordingly, the individual emails combined as Plaintiff's Pretrial Memorandum and Opposition to Summary Judgment Exhibit No. 7 have been marked individually as Plaintiff's Trial Exhibit Nos. 43, 44, 45, 46 and 47. The probative value of these emails clearly outweighs the potential for undue prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE PLAINTIFF'S EXHIBIT NO. 7.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3

Philadelphia, PA 19103

*Pro se*                                                    DATE: May 7, 2021

---

[1] Such corrective action was previously described regarding other emails that Plaintiff may use as trial exhibits. [ECFs 115 and 118]

3

Case No.: 2:18-cv-02880          ECF 168

**<u>Certificate of Service</u>**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing

**<u>PLAINTIFF'S RESPONSE  TO THE MOTION *IN LIMINE* OF DEFENDANTS TO</u>**

**<u>EXCLUDE PLAINTIFF'S EXHIBIT: ELLEN I. ROSS, M.D. – EMAILS</u>** was filed at the

United States District Court for the Eastern District of Pennsylvania, and a copy of same was

served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP •

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*

Dated: May 7, 2021

Case No.: 2:18-cv-02880                ECF 169

Without these records, Plaintiff did not have sufficient information to make an informed decision

regarding her child's medical care.  And this lone document provides proof of the entirety of

what Defendants provided her during K's hospital stay.

Being *pro se,* Plaintiff mistakenly used the same identification of exhibits opposing

summary judgment in listing exhibits for her pretrial memorandum. She corrected this by

marking each email identified in these briefs, as separate exhibits for trial, submitted to the Court

on April 16.[1] Accordingly, Plaintiff's Exhibits have been renumbered.  Plaintiff's Pretrial

Memorandum and Opposition to Summary Judgment Exhibit No. 19 has been marked as

Plaintiff's Trial Exhibit No. 52.   The probative value of this exhibit clearly outweighs the

potential for undue prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE PLAINTIFF'S EXHIBIT NO. 19.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103

*Pro se*                                    DATE: May 7, 2021

---

[1] Such corrective action was previously described regarding other documents that Plaintiff may use as trial exhibits. [ECFs 115 and 118]

2

Case No.: 2:18-cv-02880          ECF 169

### Certificate of Service

 

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

RESPONSE TO THE MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE PLAINTIFF'S

EXHIBIT NO. 19 was filed at the United States District Court for the Eastern District of

Pennsylvania, and a copy of same was served by first class mail to the office of:

 

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA  19102-2101

*Attorneys for Children's Hospital of Philadelphia*

 

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
    *Pro se*

Dated: March 7, 2021

Case No.: 2:18-cv-02880          ECF 170

| | |
|---|---|
| | Had wanton disregard of Plaintiff's complaints about the CHOP social worker |
| Leela Jackson, Adolescent Medicine team member from Behavioral Health, psychologist on June 15, 24, 28, 29, 30; July 1, 2, 3, 4, 5 and 6 | Did not permit Plaintiff to manage her daughter's physical activity |
| | Did not permit Plaintiff to remove her child from the hospital to pursue appropriate treatment |
| Katie Hoeveler, Adolescent consultant from Behavioral Health, psychiatrist starting June 21 | Did not permit Plaintiff to remove her child from the hospital to pursue appropriate treatment |
| | Had wanton disregard of Plaintiff's complaints about the CHOP social worker |
| | Did not permit Plaintiff access to her child's medical information |
| Mortimer Poncz, Hematology Section Chief | Lacked reasonable grounds to initiate child protection proceedings against Plaintiff |
| Alan R. Cohen, Hematology, Advisor to the CEO and Co-Sponsor of the CHOP Patient Family Experience | Conferred with Adolescent Medicine about the custody and management of Plaintiff's child with wanton disregard for Plaintiff's Constitutional Rights |

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the

MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE INTRODUCTION OF

ADDITIONAL EVIDENCE AS TO INDIVIDUAL DEFENDANTS.

Respectfully submitted,

Kathryn Gay
1830 Manning Street, Unit 3
Philadelphia, PA 19103
     *Pro se*                                    DATE: May 7, 2021

Case No.: 2:18-cv-02880          ECF 170

### **Certificate of Service**

I, Kathryn Gay, hereby certify that on May 7, 2021, a copy of the forgoing PLAINTIFF'S

OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANTS TO EXCLUDE

INTRODUCTION OF ADDITIONAL EVIDENCE AS TO INDIVIDUAL DEFENDANTS was

filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of

same was served by first class mail to the office of:

Patrick M. Harrington

DILWORTH PAXSON LLP

1500 Market Street, Suite 3500E

Philadelphia, PA 19102-2101

*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
    *Pro se*

Dated: May 7, 2021

2021 MAY 11 P 4: 1 q

USDC-EDPA
ROMD CLERK

U.S.M.S
X-RAY

U.S. District Court
Eastern District of Pennsylvania
601 Market Street
Clerks Office
Claims