IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN GAY** | : | CIVIL ACTION |
| *Plaintiff – Pro se* | : | |
| | : | NO. 18-2880 |
| v. | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF PHILADELPHIA,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 14th day of May 2021, upon consideration of Defendants' *motion in limine to strike certain equitable relief sought by Plaintiff*, [ECF 98], and Plaintiff's response thereto, [ECF 107], it is hereby **ORDERED** that the Defendants' motion is **GRANTED**. Accordingly, Plaintiff precluded from seeking, discussing during her case-in- chief, mentioning within the presence of the jury, or otherwise requesting in any capacity relief in the following forms set forth in Plaintiff's Amended Complaint, [ECF 6]; *to wit*:

[1]  That Plaintiff undergo a domestic violence evaluation by Plaintiff's chosen expert to be financed by the defendants;

[2]  That CHOP submits to a case-file review of K's hospitalization by Plaintiff's chosen panel of experts, including an expert in child psychology, a child psychiatrist, a domestic violence expert, a critical care pediatrician and a legal expert in child welfare with a written report and recommendation for best practices to be issued and published; all to be financed by Defendants;

[3]  From the clinicians who treated a disease but not the patient, that Defendants acknowledge they should have (a) asked K about her history and listened to her, (b) honored Plaintiff's request for information about her child, (c) honored Plaintiff's request for a psychological evaluation as per DIIS and (d) honored Plaintiff's request for a different social worker, and the opportunity to speak with the supervisor.[1]

---

[1]  In her response, Plaintiff indicated that she withdraws the relief sought in paragraphs 3 through 6.

[4] From Poncz, that he be introduced to Plaintiff.

[5] From Cohen that he explain to Plaintiff why, after all he learned about K's history and treatment at CHOP, he never bothered to check in with the patient or Plaintiff; and

[6] That a simple "I'm sorry" would suffice from Lantzouni, Louis-Jacques, Jackson, Zucker, Hoeveler, Poncz and Cohen.

**BY THE COURT:**


/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*