*United States District Court for the Eastern District of Pennsylvania*

Kathryn Gay,

   *Plaintiff*

   v.

Children's Hospital of Philadelphia (CHOP), *et al.*

   *Defendants*

Case No.: 2:18-cv-02880

### PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Local Rule 26.1(f), Plaintiff hereby submits this motion to sanction CHOP, *et al.* for failure to comply with discovery. Specifically, Plaintiff seeks an Order that 1) the lack of medical necessity in admitting Plaintiff's daughter, K, to the hospital be taken as established, 2) information which Defendants failed to disclose with specificity be prohibited from trial, 3) the jury be informed of Defendants' failures and 4) Plaintiff's trial exhibit Nos. 36, 37, 38, 39, 40, 41, 42 and 53 are deemed admitted into evidence. These issues are described more fully in the attached Memorandum in Support.

Respectfully submitted,

Kathryn Gay

1830 Manning Street, Unit 3
Philadelphia, PA 19103
   *Pro se*
DATE: May 17, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN GAY, | ) | CIVIL ACTION |
| | ) | |
| *Plaintiff-Pro se* | ) | NO. . 18-2880 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHILDREN'S HOSPITAL OF | ) | |
| PHILADELPHIA, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37, and any response thereto, it is hereby ORDERED that the motion is GRANTED, and 1) the lack of medical necessity in admitting Plaintiff's daughter, K, to the hospital be taken as established, 2) information which Defendants failed to disclose with specificity be prohibited from trial, 3) the jury be informed of Defendants' failures and 4) Plaintiff's trial exhibit Nos. 36, 37, 38, 39, 40, 41, 42 and 53 are admitted into evidence.

BY THE COURT:

_____
NITZA I. QUIÑONES ALEJANDRO, J.

*United States District Court for the Eastern District of Pennsylvania*

Kathryn Gay,
   *Plaintiff*

   v.                                                     Case No.: 2:18-cv-02880

Children's Hospital of Philadelphia (CHOP), *et al.*
   *Defendants*

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

## PURSUANT TO FED. R. CIV. P. 37

**INTRODUCTION**

Defendants: the Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jaques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen (collectively "CHOP") were ordered by this Court on October 4, 2019, to produce documents responsive to Plaintiff's Request No. 3. (ECF 37 ¶ 2) Request No. 3 called for production of "all documents which relate to any communication between [CHOP] and UnitedHealthcare Community Plan for Kids, or anyone known or believed by [CHOP] to have been acting under the authority of UnitedHealthcare Community Plan for Kids, concerning [Plaintiff's daughter, K]." (Pl.'s Mot. to Strike Def.s' Objections and Compel Produc. of Docs… Ex. B, RFP No. 3 at 5, ECF 30) Defendants were also ordered to produce "…medical records in their original formats, with metadata." (ECF 37 ¶ 4) Additionally, Defendants were ordered by this Court on November 7, 2019, to serve Plaintiff "full and complete responses to each of the interrogatories and requests for admission referenced in Plaintiff's motion, [ECF 41], by November 16, 2019". (ECF 44)

Defendants contend that "all communications between CHOP and UnitedHealthcare Community Plan for Kids [the insurer] were believed to have been by phone. thus while CHOP has conducted a diligent search it has located no documents responsive to this request." (Opp'n to Plf.'s Mot. to Compel Produc. of Docs... at 3, ECF 63) Defendants' "belief" that all communications with the insurer were verbal is contradicted by documents known to Defendants as follows.

1. Plaintiff physically handed over to the CHOP unit social worker the original insurer's letter mailed to Plaintiff citing the lack of medical necessity for hospital admission based on "*the medical records sent [by CHOP]*". This letter is referenced in Plaintiff's Amended Complaint, [ECF 6 at 10], and Initial Disclosures, [ECF 69 at 11].

2. Defendants Lantzouni, Zucker, and Hoeveler were verbally informed of the above letter by Plaintiff. Prior to turning over the original letter to CHOP staff as instructed, Plaintiff emailed a digital image of this letter to several third parties, including Daniel F. Daley. (Pl.'s Opp'n to Mot. for Summ. J. Ex. U, ECF 73 at 266; Pl.'s Trial Ex. No. 41) Mr. Daley informed Defendant Cohen of the lack of medical necessity to hospitalize K, and his email exchange with Dr. Cohen references this letter. (Add. to Pl.'s Opp'n to Mot. for Summ. J., ECF 75 at 6, 8)

3. K's primary care provider received a faxed copy of the letter from the insurer, also citing the lack of medical necessity for any hospitalization based on "*the medical records sent [by CHOP]*". (Pl.'s Opp'n to Mot. for Summ. . Ex. A , ECF 73 at 25; Pl.'s Trial Ex. No. 42)

*This letter from UnitedHealthcare Community Plan for Kids was addressed to:*

**Children's Hospital of Philadelphia**
**3405 Civic Center BLVD.**
**Philadelphia, Pennsylvania 19104**
**Fax: 215-590-4217**

CHOP medical records only obliquely reference Plaintiff's persistence in advocating for her legal rights and the apparent absence of medical necessity. However, potential litigation became evident when Plaintiff became aware of the lack of written consent by either parent on July 1, 2016. (Pl.'s Opp'n to Mot. for Summ. J. Ex. C, ECF 73 at 44) Defendants were obligated to take the necessary steps to preserve information. *Contra Spoliaterem Omnia Praesumuntur* requires a party to preserve evidence when they know, *or should know*, that the evidence is likely to be relevant to pending or future litigation. Additionally, any alterations to a patient's medical records subsequent to treatment must be clearly documented under 40 Pa. Code § 1303.511. Defendants have consistently responded with boilerplate objections to all discovery requests, including questions about their document retention practices. Their *selective* failure to produce known documents which support Plaintiff's claims is reasonably presumed to be an *intentional* tactic to stonewall discovery. Documents posing minimal damage to their defenses, including thousands of non-specific duplicative pages, were produced.

## BACKGROUND

On June 18, 2019, Plaintiff served her First Set of Requests for Production on Defendants, including the following Requests for Production ("RFP"):

**REQUEST FOR PRODUCTION NO. 2:**
Please produce all documents (including copies of the "**ORIGINAL**", edited, deleted notes, hyperlinked documents (scanned and pdf)), records, reports, communications and statements

3

to and from treating physicians, social workers, nurses and the SCAN team, including system metadata, for the first 72 hours concerning [Plaintiff's daughter, K], starting on June 14, 2016, 20:27, and system metadata including persons and times data was accessed to the present day. This should include the full "Original Note by Hemphill, Zaheera, MSW (Social Worker) filed at 6/15/2016 3:35 AM" mentioned in her note "Filed: 10/25/2016 6:59 AM" with hyperlinked documents and related system metadata as requested in the previous sentence.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce all documents which relate to any communication between you and UnitedHealthcare Community Plan for Kids, or anyone known or believed by you to have been acting under the authority of UnitedHealthcare Community Plan for Kids, concerning [Plaintiff's daughter, K].

CHOP objected and did not produce documents responsive to these specific requests.

Subsequently, Plaintiffs filed a motion to compel. *See* (Pl.'s Mot. to Strike Def.s' Objections and Compel Produc. of Docs... Ex. B, ECF 30) On October 4, 2019, the Court granted Plaintiff's motion for RFP No. 3. (ECF 37 ¶ 2) With respect to RFP No. 2, the Order stated "Defendants shall produce copies of all medical records referring or relating to Plaintiff's daughter, K. Defendants shall produce such medical records in their original formats, with metadata."[1] (ECF 37 ¶ 4)

On July 18, 2019, Plaintiff served her First Set of Interrogatories on Individual Defendants, and Requests for Admission were served in August. The following selection is included by way of example:

**INTERROGATORY TO LANTZOUNI NO. 4:**
What is clinical basis for ordering a change in K's level of care: a) on admission to ICU from intake at Renfrew on 6/14/2016, and b) on discharge from ICU to intake at Renfrew on 7/6/2016? *Please provide specific information as described in the instructions* (emphasis added).

---

[1] Plaintiff's motion to compel production responsive to RFP No. 11 for "all audit trails or other documents sufficient to identify each person who accessed [Plaintiff's daughter's, K's] EMR; the periods of time they had accessed it; what they had accessed; and, all changes or additions made to the EMR by each person at each time..." was not granted.

4

Defendants' boilerplate responses were neither verified nor signed by the individual defendants. Subsequently, Plaintiff filed a motion to compel. (*See* Pl.'s Mot. to Compel Resps. to Interrogs. and RFAs., ECF 41) On November 6, 2019, the Court granted Plaintiff's motion. (ECF 44) Subsequent responses were verified and signed, but evasive. Defendant Lantzouni's Second Amended Response to Interrogatory No. 4 is typical of all other questions about the medical basis to hospitalize K and her protection, Exhibit A. They are answered:

> Objection to the extent that, given the narrow scope of Plaintiff's Amended Complaint, this request seeks information that cannot lead to the discovery of relevant evidence. Not withstanding the previous objections, and in accordance with the F RCP 33(d), option to produce business records, the answer to the interrogatory maybe determined by examining, auditing, compiling, abstracting, or summarizing chops business records, in the form of the CD containing a certified copy of the chop medical records of K from May 2016 through me 30, 2019 which which plaintiff has previously been provided.

***Defendants' responses consistently lack specificity; specific facts supporting CHOP's contention that hospitalization of Plaintiff's child was medically necessary are <u>never</u> given.***

Defendants' blatant disregard for the truth is illustrated by Interrogatory and Request for Admission answers regarding the CHOP unit social worker, Brittany McLaughlin. In their amended responses, Defendants state that Ms. McLaughlin was qualified as a LSW because she "was a licensed social worker". (Pl.'s Opp'n to Mot. for Summ. J. Ex. O, ECF 73 at 245, ¶ 11). The Pennsylvania Bureau of Professional and Occupational Affairs has certified that Ms. McLaughlin was *not* licensed to practice in the Commonwealth of Pennsylvania. (Pl.'s Opp'n to Mot. for Summ. J. Ex. N, ECF 73 at 242) Although the autopopulated fields with Ms. McLaughlin's name in the CHOP records add "LSW", her qualifications as a LSW are never given. Ms. McLaughlin, herself, does not sign her notes with "LSW" after her name; she signs

"MSW". Defendants simply contend that their statements are facts, because they say so, without producing any evidence based on actual data.

## ARGUMENT

I. **The Lack of Medical Necessity in Admitting Plaintiff's Daughter, K, to CHOP should be Taken as Established**
   A. **Directing that this fact be taken as established for purposes of the action is proper pursuant to Fed. R. Civ. P. 37.**

Rule 37(b)(2)(A) states that, when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." One such sanction is to direct "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed. R. Civ. P. 37(b)(2)(A)(i) Here, the Court specifically ordered CHOP to produce documents contemplated by RFP No. 3, and Defendants did not comply with that order.[2] The Third Circuit has opined that "[t]he availability of such a sanction is particularly important when, as here, the very material sought to be discovered — the defendants' contacts with the [insurer] — will normally be in the possession of a defendant…" *Compagnie Des Bauxites De Guinea v. Insurance Co. of North America*, 651 F.2d 877, 885 (3d Cir. 1981)

Exemplified by Defendant Lanzouni's Amended Response to Interrogatory No. 4, Defendants find Plaintiff's discovery requests objectionable and do not answer with specific information as instructed. CHOP's motion for a broad protective order was denied, [ECF 53].[3] Rule 37(d)(2) states that failure of a party to serve answers to interrogatories, or respond to a

---

[2] UnitedHealthcare Community Plan for Kids, K's insurer, holds that the provider (i.e., CHOP) is in possession of these documents and should provide them to the patient's personal representative.

[3] Defendants' motion was sustained *only* as to specific discovery requests which Plaintiff willingly withdrew.

request for inspection "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." This is not the conduct of a party acting in good faith.

### B. Establishment of this fact is necessary to cure prejudice caused by the intentional loss of information pursuant to Fed. R. Civ. P. 37(e)

Defendants electronically stored information for medical records and mail. Rule 37(e) states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice[.]

The Third Circuit has set out three factors applicable to motions governed by the amended Rule 37(e):

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.[4]

Here, Defendants' contention that they are not at fault because the requested information could not be found after diligently searching is disingenuous. Their failure to find known documents supportive of Plaintiff's claims goes beyond accident or mere negligence; it is intentional. Defendants did eventually produce emails referencing K.[5] However, requested metadata was missing, as were emails known to discuss violation of Plaintiff's constitutional rights, child protection and the letter from K's insurer stating hospitalization was medically unnecessary based on physician review of records received from CHOP. Defendants have no excuse for not

---

[4] *Martin v. Wetzel*, Case No. 1:18-cv-00215-RAL (Erie), 4-5 (W.D. Pa. Nov. 25, 2020) citing *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019) (adopting the test from Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)).

[5] Defendants produced these emails on 3/9/2020, *after* the close of discovery. They were responsive to her Second Request for Document Production of 12/3/2019.

providing metadata.[6] Furthermore, Defendants failed to produce metadata or the original note from K's first night at CHOP responsive to RFP No. 2. The note was altered over four months later. (Pl.'s Trial Ex. No. 53) This falls under Pennsylvania Code for medical records. Accordingly, the Court "in its discretion may instruct the jury to consider whether such intentional alteration or destruction constitutes an adverse inference" pursuant to 40 Pa. Code § 1303.511. Discovery of specific documents supportive of Plaintiff's claims that Defendants were reasonably expected to produce in discovery, but did not, was through third parties. Presumably, there are other highly relevant documents that Defendants have also withheld.

Prejudice to Plaintiff by opposing party's lack of cooperation is substantial. Although Defendants failed to produce any communications with UnitedHealthcare Community Plan for Kids, K's primary care provider was faxed a copy of a letter sent to CHOP. (Pl.'s Trial Ex. No. 42) The letter sent by the insurer to CHOP is similar in content to the letter sent to Plaintiff which was handed over to the CHOP unit social worker. (Pl.'s Trial Ex. No. 41) Since opposing counsel will not stipulate as to the authenticity of any documents they did not produce during discovery, the presence of the Custodian of Records for the insurer is required at trial. The opposition should bear the burden of this cost.[7] Similarly, Defendants will not stipulate as to the authenticity of emails supporting Plaintiff's claims that were selectively withheld by Defendant Cohen. (Pl.'s Trial Ex. Nos. 36, 37, 38, 39, 40) The opposition should also bear the cost of Daniel F. Daley's travel to authenticate these emails at trial.

---

[6] Presumably CHOP has ample resources to provide metadata. Plaintiff fully complied with Defendants' discovery requests, including metadata, despite having limited resources.

[7] The Court of Appeals affirmed a $120,000 sanction against a law firm for their part in suppressing a report supporting a plaintiff's claims. *In re Tutu Wells Contamination Litig.*, 120 F.3d 368, 372 (3d Cir. 1997) ("Eschewing the auspices of Fed. R. Civ. P. 37, which authorizes sanctions for failure to make disclosure or cooperate in discovery, the district court imposed the challenged sanctions under its inherent power.")

However, the purpose of Fed. R. Civ. P. 26(a)(3)(B) is to eliminate the need for time-consuming and generally unnecessary foundational witnesses. The Rule requires the identification of documents at least 30 days before trial, except for impeachment exhibits. Within 14 days after pretrial disclosures are made, the opponent must object to any exhibit so identified, or will automatically waive objections to its *admissibility*, except for objections as to relevance under Rules 402 or 403. Plaintiff disclosed the two insurer letters and four emails authenticated by Daniel F. Daley's affidavit in her Pretrial Memorandum filed on August 10, 2020.[8] By not objecting within 14 days, Defendants waived their objections to *admissibility*, unless excused by the court for good cause. Prejudice to Plaintiff from CHOP's lack of cooperation during discovery could be partially cured by admitting into evidence documents Defendants failed to produce.

## II. CHOP Should Be Excluded from Using Undisclosed Documents and Any Testimony Concerning Undisclosed Documents at Trial Pursuant to Fed. R. Civ. P. 37(c)(1)

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.' *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)." Fed. R. Civ. P. 26(f) advisory committee's note (1983 Amendment). This is why the Rules require that each:

> [P]arty . . . who has responded to a . . . request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court. Fed. R. Civ. P. 26(e)(1).

---

[8] These documents were pre-marked as trial exhibits Nos. 36, 37, 38, 39, 41 and 42. Plaintiff's trial exhibit No. 40 was not disclosed on August 10, 2020, because Mr. Daley did not send it to her until January, 2021.

9

The Rules dictate that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is *not allowed to use that information* . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless[.]" Fed. R. Civ. P. 37(c)(1) (emphasis added). The imposition of exclusion sanctions under Fed. R. Civ. P. 37(c)(1) should be "self-executing," and "automatic" so as to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion[.]" Fed. R. Civ. P. 37 advisory committee's note (1993).

Here, CHOP has failed to disclose with specificity potential trial exhibits or witnesses.[9] They have disclosed general categories of documents consisting of thousands of pages of documents, providing zero (0) marked exhibits. Their witness list includes "any and all health care providers identified in K's CHOP medical records" and one (1) non-defendant witness. (Def.s' Pretrial Mem., ECF 89) The Third Circuit has considered the following factors in reviewing Rule 37(c) sanctions:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's [discovery] order.[10]

---

[9] Defendants have also failed to supplement their Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosure, "Defendants are currently investigating the applicability of certain insurance policies to the allegations in Plaintiff's complaint. (ECF 45, Ex A)

[10] *O'Neill v. Sears, Roebuck Co.*, 108 F. Supp. 2d 433, 437 (E.D. Pa. 2000) (quoting *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 905 (3d Cir. 1977))

The question, then, turns on whether a failure to disclose is substantially justified or harmless.[11] Here, CHOP's failure to disclose trial exhibits and witnesses with specificity is neither substantially justified nor harmless. It is difficult to imagine how CHOP could believe that it is not obliged to disclose specific exhibits or witnesses.[12] Defendants' duplicity prejudices Plaintiff by impairing her ability to prepare her case in chief.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Sanctions Pursuant to Rule 37, ordering that 1) the lack of medical necessity in admitting Plaintiff's daughter, K, to the hospital be taken as established, 2) information which Defendants failed to disclose with specificity be prohibited from trial, 3) the jury be informed of Defendants' failures and 4) Plaintiff's trial exhibit Nos. 36, 37, 38, 39, 40, 41, 42 and 53 are deemed admitted into evidence.

Respectfully submitted,

Kathryn Gay

1830 Manning Street
Philadelphia, PA. 19103
*Pro se*

Dated: May 17, 2021

---

[11] Cody v. Phil's Towing Co, 247 F. Supp. 2d 688, 696 (W.D. Pa. 2002) ("Fed.R.Civ.P. 37(c)(1). The rule was adopted in 1993 to curb the use of gamesmanship in complying with the requirements of Rule 26. See Advisory Committee Notes, Rule 26(a); Tarlton v. Cumberland County Correctional Facility, 192 F.R.D. 165, 169 (D.N.J. 2000). Although written in mandatory terms, the rule also expressly provides that sanctions should not be imposed if the failure to disclose is harmless. Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3 Cir. 1995). "Thus, the rule does not leave district courts without discretion." Id. Whether a failure to disclose should be deemed harmless depends upon whether the other parties suffer prejudice. 6 James M.W. Moore, et al., Moore's Federal Practice, § 37.63 (3d ed. 1997).")

[12] Defendants' duplicity in not disclosing exhibits with specificity is highlighted by their numerous motions *in limine* to exclude Plaintiff's potential evidence arguing irrelevance and untimeliness.

11

**Certificate of Service**

I, Kathryn Gay, hereby certify that on May 17, 2021, a copy of the forgoing *PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37* was filed at the United States District Court for the Eastern District of Pennsylvania, and a copy of same was served by first class mail to the office of:

Patrick M. Harrington
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
*Attorneys for Children's Hospital of Philadelphia*

Kathryn Gay
1830 Manning Street, Unit 3
Philadelphia, PA 19103
*Pro se*

Dated: May 17, 2021