# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN GAY** | : | CIVIL ACTION |
| *Plaintiff—Pro se* | : | |
| | : | NO. 18-2880 |
| v. | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** *et al.,* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 24th day of May 2021, upon consideration of Plaintiff's *motion to designate expert witness*, [ECF 100], and Defendants' response in opposition, [ECF 103], it is hereby **ORDERED** that said motion is **DENIED**.[1]

---

[1]  By way of the underlying motion, Plaintiff seeks leave to designate a yet to be identified testifying expert, despite the time for doing so having long passed under this Court's scheduling order. Recognizing the untimeliness of her purported designation, Plaintiff contends that her untimely designation is substantially justified and/or harmless. For the reasons set forth below, this Court disagrees.

Federal Rule of Civil Procedure ("Rule") 26 is the general provision governing discovery. Specifically, Rule 26(a)(2) addresses the disclosure of expert testimony. In order to present expert opinion, a party must first provide the opposing party the identity of the person it intends to proffer as a testifying expert. Fed. R. Civ. P. 26(a)(2)(A). For any such testifying expert identified, the proffering party must provide opposing counsel with an expert report that contains (i) a complete statement of all opinions and rationale of the expert, (ii) the facts and data the expert relied upon when forming his or her opinion, (iii) any exhibits the expert used, (iv) the expert's qualifications and a list of his or her publications from the last ten years, if any, (v) a list of all other cases in which the expert has testified in the preceding four years, and (vi) a statement of the expert's compensation in the present case. Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Pursuant to this Court's operative scheduling order, Plaintiff's expert reports were due to be produced to Defendants on April 6, 2020. [ECF 50]. Plaintiff did not produce any expert report. On February 19, 2021, more than nine months after the deadline for expert reports, ten months after the close of fact discovery, Plaintiff filed the underlying motion seeking leave to designate an expert. Notably, Plaintiff's underlying motion neither identifies a proposed expert nor provides an expert report.

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

P. 37(c)(1). "Rule 37 is written in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (citation omitted). Notwithstanding the mandatory, self-executing language of Rule 37(c), the United States Court of Appeals for the Third Circuit ("Third Circuit") has held that "under Rule 37, '[t]he imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court.'" *Id.* (citations omitted). In exercising this discretion, district courts consider multiple factors, including, prejudice and the ability to cure the prejudice. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citations omitted).

Courts in this Circuit have defined "substantial justification" as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n. 23 (3d Cir. 2009) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002). A "harmless" failure "involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Tolerico*, 205 F.R.D. at 176. "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Id.* at 175.

In her motion, Plaintiff makes no attempt to show that her failure to timely produce an expert report was "substantially justified." Instead, Plaintiff argues only that her failure to timely produce such a report is not prejudicial (or presumably, "harmless" as required by Rule 37(c)) to Defendants since this matter is not scheduled for trial until July 9, 2021. Plaintiff is mistaken. To date, and notwithstanding the filing of her underlying motion, Plaintiff has yet to either identify an expert witness or produce an expert report that complies with the substantive requirements of Rule 26. This continued failure has prejudiced Defendants by preventing them from deposing Plaintiff's unidentified expert and/or preparing a rebuttal.

In addition, Plaintiff's failure to take the proper procedural steps to proffer an expert witness consistent with Rule 26 has prevented this Court from engaging in its duty to review the sufficiency of the expert's qualifications and methodologies in accordance with the "gatekeeping" responsibilities conferred by Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). When a party offers an expert witness, the court functions as a 'gatekeeper' to ensure that the expert's testimony complies with these rules and commanding case law. *In re Paoli R.R. Yard PBC Litig.*, 35 F.3d 717, 732 (3d Cir. 1994). Rule 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if, "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The Third Circuit has interpreted Rule 702 as requiring three criteria: qualification, reliability, and fit. *Paoli*, 35 F.3d at 741-43. "Qualification refers to the requirement that the witness possess specialized expertise." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). Reliability requires that the testimony "be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert*, 509 U.S. 590). Lastly, "fit" refers to the relevancy of the expert's testimony "for the purposes of the case" and its ability to "assist the trier of fact." *Schneider*, 320 F.3d at 404.

As noted above, in order to present expert opinion, a party must first provide the opposing party the identity of the person it intends to proffer as a testifying expert as well as an expert report which provides

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

various information pertaining to the proposed expert and his/her proffered opinions.  Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi).  Here, Plaintiff has neither identified an expert nor provided an expert report to meet the Rule 26(a) requirements.  These failures, in turn, prevent Plaintiff from meeting the qualifications, reliability, and fit requirements of Rule 702 and *Daubert*.  Accordingly, Plaintiff's motion for leave to designate an expert is denied.

3