# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN GAY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-2880** |
| **v.** | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF PHILADELPHIA,** *et al.* | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 29th day of November 2022, upon consideration of Plaintiff's *motion to extend time for trial and to designate Dr. Frank H. King as an expert witness*, [ECF 223], and Defendants' response in opposition, [ECF 224], it is hereby **ORDERED** that:

(1) the motion to extend time for trial is **DENIED**; and

(2) the motion to designate Dr. Frank H. King as an expert witness is **GRANTED**.[1]

---

[1] By way of the underlying motion, Plaintiff, now proceeding with counsel, seeks leave to designate one of her deceased child's treating physicians—Dr. Frank H. King—as a testifying expert. Plaintiff has attached Dr. King's expert report to the motion as Exhibit 2. Recognizing the untimeliness of her purported designation, Plaintiff contends that her designation is substantially justified and/or harmless. Defendants oppose the motion.

Federal Rule of Civil Procedure ("Rule") 26 is the general provision governing discovery. Specifically, Rule 26(a)(2) addresses the disclosure of expert testimony. To present an expert opinion, a party must first provide the opposing party the identity of the person it intends to proffer as a testifying expert. Fed. R. Civ. P. 26(a)(2)(A). For any such testifying expert, the proffering party must provide opposing counsel with an expert report that contains (i) a complete statement of all opinions and rationale of the expert, (ii) the facts and data the expert relied upon when forming the opinion, (iii) any exhibits the expert used, (iv) the expert's qualifications and a list of his or her publications from the last ten years, if any, (v) a list of all other cases in which the expert has testified in the preceding four years, and (vi) a statement of the expert's compensation in the present case. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Pursuant to this Court's operative Scheduling Order, Plaintiff's expert reports were due to be produced to Defendants on April 6, 2020. [ECF 50]. Plaintiff—who was then proceeding *pro se*—did not produce any expert report. On February 19, 2021, Plaintiff filed a motion seeking leave to designate an

---

expert. That motion, however, neither identified the proposed expert nor provided an expert report. By Order dated May 24, 2021, this Court denied Plaintiff's *pro se* motion, on account of untimeliness and Plaintiff's failure to identify an expert and provide the expert report. [ECF 208]. Plaintiff—now proceeding with counsel—has filed the underlying motion to designate Dr. King as a testifying expert and has produced Dr. King's expert report.

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37 is written in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (citation omitted). Notwithstanding the mandatory, self-executing language of Rule 37(c), the United States Court of Appeals for the Third Circuit (the "Third Circuit") has held that "under Rule 37, '[t]he imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court.'" *Id.* (citations omitted). In exercising this discretion, district courts consider multiple factors, including prejudice and the ability to cure the prejudice. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citations omitted). A court should also take into consideration the significance of the practical importance of the excluded evidence. *Id.*

Courts in this Circuit have defined "substantial justification" as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Grider v. Keystone Health Plan Ctr., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175–76 (M.D. Pa. 2002)). A "harmless" failure "involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Tolerico*, 205 F.R.D. at 176. "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Id.* at 175.

The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (citing *Dudley v. S. Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)). Notably, the Third Circuit has reversed the exclusion of expert testimony by district courts where "admitting the witness [is] likely to cause only slight prejudice" to an opposing party who was already aware of the "basic substance of the witness' testimony." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (citing *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978)). It is also noteworthy that Rule 26 contemplates disclosure of expert testimony as late as ninety (90) days before trial. *See* Fed. R. Civ. P. 26(a)(2)(D)(i).

In her motion, Plaintiff argues, *inter alia*, that her failure to timely produce an expert report is not prejudicial (or "harmless" as required by Rule 37(c)) to Defendants because this matter is not scheduled for trial until March 31, 2023. While this Court cannot and does not condone any party's failure to comply with its scheduling orders, in light of Plaintiff's previous status as a *pro se* litigant, Plaintiff's production of an expert report more than four (4) months before the scheduled trial, Defendants' ability to cure any prejudice caused by the untimely disclosure, and the significance of the proffered expert testimony to Plaintiff's case, this Court finds that the extreme sanction of excluding Plaintiff's expert is unwarranted. Accordingly, Plaintiff's motion to designate Dr. Frank H. King as an expert witness is granted.

It is further **ORDERED** that:

(1) Plaintiff shall produce Dr. Frank H. King for a deposition at a time and place mutually convenient to Defendants, by no later than January 13, 2023; and

(2) In the event Defendants wish to provide rebuttal expert opinion, Defendants may produce a rebuttal expert report by no later than February 3, 2023.

        **BY THE COURT:**

        /s/ *Nitza I. Quiñones Alejandro*
        **NITZA I. QUIÑONES ALEJANDRO**
        *Judge, United States District Court*