# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN GAY,<br><br>    Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN<br><br>    Defendants. | Case No. 2:18-cv-02880-NIQA |

## [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Defendants' Emergency Motion to Continue Trial, and for good cause shown and following consultation with counsel, it is hereby **ORDERED** that the Motion is **GRANTED**, and that trial in this matter shall be continued at least 60 days.  The new trial date, and any pretrial scheduling shall be set by the Court by subsequent order.

**BY THE COURT:**

_____
                                                                                J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN GAY,<br><br>    Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA, ELENI LANTZOUNI, JENNIFER LOUIS-JACQUES, MICHELE ZUCKER, LEELA JACKSON, KATIE HOEVELER, MORTIMER PONCZ, AND ALAN R. COHEN<br><br>    Defendants. | Case No. 2:18-cv-02880-NIQA |

## DEFENDANTS' EMERGENCY MOTION
## TO CONTINUE TRIAL

Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen (collectively, "**Defendants**"), by and through undersigned counsel, hereby move and respectfully request this Court to enter an order continuing trial at least 60 days with dates to be determined upon consultation with the Court and the parties. Defendants respectfully request expedited review of this request in conference with the Court. Defense counsel can be available for a conference on the matter tomorrow. In support thereof, Defendants aver:

1. Plaintiff alleges that CHOP and her daughter's doctors violated Plaintiff's constitutional rights.

2. This matter is scheduled for jury selection on March 31, 2023, and trial April 3-5, 2023.

3. Unfortunately, emergent medical matters have now caused both of Defendants' trial counsel to be unavailable for jury selection and trial.

4. This matter was set to be tried by Patrick Harrington, Esquire, and Lawrence McMichael, Esquire.

5. Since the inception of this matter in 2018, Defendants have been represented by Mr. Harrington as lead counsel, and Mr. Harrington was expected to be lead trial counsel.

6. Mr. McMichael entered his appearance in this matter on January 25, 2023, and was to be co-trial counsel.

7. On the night of March 10, 2023, Mr. Harrington's minor son was unexpectedly hospitalized, and continues to be in the hospital with no date for discharge.

8. Mr. Harrington is his son's primary caregiver and does not have certain availability for pre-trial preparation or trial, and has mostly been staying and working at the hospital.

9. Because of Mr. Harrington's unavailability, Mr. McMichael moved into the role of lead counsel and trial counsel, and was preparing to try the case.

10. Unfortunately, Mr. McMichael is now not available for pre-trial preparation or trial due to a medical issue that has arisen this weekend.

11. As it stands now, Mr. McMichael's doctor has communicated that he is not cleared to try a case for at least 6 weeks.

12. Defendants are willing and able to provide more information to the Court in camera and off the public docket, or under seal upon request.

13. Undersigned counsel is not a trial attorney.

14. In the circumstances, including the proximity of trial, it is not reasonably possible to substitute trial counsel who could adequately represent the interests of the 8 defendants in a trial with approximately 20 witnesses.

15. This Court may grant a continuance "for good cause," Fed. R. Civ. P. 16(b)(4), and good cause exists here. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *id.* 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . .").

16. This request is not a consequence of any lack of diligence on the part of Defendants, but is instead necessitated by unexpected and emergent medical matters. *See Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974) (holding that denial of request to continue trial due to defendant's illness was abuse of discretion because "continuance would not have unduly prejudiced the other parties, and that the continuance motion was not motivated by procrastination, bad planning or bad faith," and "customary to grant a continuance on the ground of illness of a party").

17. Although "[c]ontinuance of trial is a matter of discretion with the trial court . . . [a]n unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay is an abuse of discretion." *Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006).

18. Defendants anticipate that trial counsel will be available for the continued trial dates.

19. Defense counsel has conferred with Plaintiff counsel about the reasons and necessity of this request.

20. Plaintiff's counsel objected but did not communicate the basis for the objection.

21. Defendants are aware that Plaintiff has now filed a pre-emptive motion and can address Plaintiff's representations and arguments in conference with the Court rather than burdening the Court with further filings.

**WHEREFORE**, for the above-referenced reasons, the Defendants move this Honorable Court for expedited review and entry of an order continuing trial for at least 60 days.

Respectfully Submitted,

Dated: March 19, 2023

*/s/ Douglas M. Weck*
**DILWORTH PAXSON LLP**
Lawrence G. McMichael, Esquire
Patrick M. Harrington, Esquire
Douglas M. Weck, Esquire
PA Attorney Id. Nos. 28559/317998/316331
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
Telephone: (215) 575-7000
Facsimile: (215) 575-7200
lmcmichael@dilworthlaw.com
pharrington@dilworthlaw.com
dweck@dilworthlaw.com

*Counsel for Defendants Children's Hospital of Philadelphia, Eleni Lantzouni, Jennifer Louis-Jacques, Michele Zucker, Leela Jackson, Katie Hoeveler, Mortimer Poncz, and Alan R. Cohen*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was served on all counsel via the ECF system on this date March 19, 2023.

*/s/ Douglas M. Weck*