# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHERINE GAY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-2880** |
| **v.** | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 30th day of June 2023, upon consideration of Defendants' *motion for award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988*, [ECF 270], it is hereby **ORDERED** that Defendants' motion is **DENIED**.[1]

---

[1]  On June 15, 2023, the jury in this matter rendered a verdict in favor of Defendants, unanimously concluding that Plaintiff had not shown by a preponderance of the evidence that Defendants had acted under color of state law when they admitted and hospitalized Plaintiff's minor daughter, purportedly against the wishes of Plaintiff. Thereafter, Defendants filed the instant motion seeking reimbursement of attorneys' fees and costs.

Pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and 42 U.S.C. § 1988, a district court can award attorneys' fees to a prevailing party, including a defendant, in a civil rights action. Fed. R. Civ. P. 54(d); 42 U.S.C. § 1988; *Fox v. Vice*, 563 U.S. 826, 832 (2011) ("42 U.S.C. § 1988, allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983."). While most "decisions addressing [§ 1988] have concerned the grant of fees to prevailing plaintiffs," the United States Supreme Court "held that § 1988 also authorizes a fee award to a prevailing defendant." *Fox*, 563 U.S. at 833. "Congress sought to protect defendants from burdensome litigation having no legal or factual basis," and, "[a]ccordingly, § 1988 authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* (internal quotation omitted). Notably, "it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather, the relevant standard is objective." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

Courts have "relied on several factors in determining whether a plaintiff's unsuccessful civil rights claim was frivolous." *Barnes*, 242 F.3d at 158. These factors include "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits." *Id.* "These considerations, however, are merely guidelines, not strict rules; thus determinations regarding frivolity are to be made on a case-by-case basis." *Id.* (internal quotations omitted).

Here, Defendants contend that Plaintiff's § 1983 claims were frivolous because they were "never at any point in this litigation [] supported by fact or law—as demonstrated by a quickly returned unanimous defense verdict and judgment at trial." (Defs.' Mot., ECF 270, at p. 1). Specifically, Defendants rely on their much-repeated

argument throughout this litigation that "[t]here was no government involvement in CHOP's care of Plaintiff's daughter." (*Id.*). Though defense counsel zealously and successfully litigated this action on behalf of its client, counsel ignores this case's procedural history and previous Court rulings when arguing that Plaintiff's § 1983 claims were frivolous. As Defendants are certainly aware, this Court denied their motion to dismiss, their motion for summary judgment, and their oral Rule 50 motions at the conclusion of the parties' respective cases at trial. In denying Defendants' motion for summary judgment, this Court expressly determined that sufficient evidence existed to create genuine issues of material fact with respect to Plaintiff's § 1983 claims, including the issue of whether Defendants acted as state actors when hospitalizing Plaintiff's minor daughter—Defendants' primary argument here. (*See* ECF 84).

As set forth in this Court's Order denying Defendants' motion for summary judgment, the United States Court of Appeals for the Third Circuit has provided a three-prong test to determine when private individuals or entities, like Defendants, engage in conduct as a state actor:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal alterations, quotations, and citations omitted). Under each of these prongs, "'[t]he inquiry is fact-specific.'" *Id.* (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)). As to private hospitals or medical providers, such persons or entities may be state actors when they participate in the hospitalization of a person in compliance with state reporting requirements in the absence of medical necessity. *Kia v. McIntyre*, 235 F.3d 749, 756–57 (2d Cir. 2000).

At summary judgment, this Court found that Plaintiff had presented evidence from which a reasonable factfinder could conclude that Defendants acted under color of state law when they hospitalized Plaintiff's minor daughter between June 14 and July 1, 2016. Plaintiff's summary judgment evidence was outlined as follows:

> First, Plaintiff points to the sworn declaration of Dr. Gilda Johnson, K's primary care physician, who saw [minor] K the day before she was admitted to CHOP. Dr. Johnson attested that K "was medically cleared for outpatient treatment" at the Renfrew Center of Southern New Jersey's intensive eating disorder program, to begin the following day. Plaintiff also relies on her own sworn declaration, in which she attests that on June 20, 2016, Defendant Dr. Jennifer Louis-Jacques (one of K's attending physicians) told Plaintiff that although K was medically stable, CHOP would not release her because the "home situation" was not stable. Plaintiff also proffers insurance records which show that her insurance claim for K's hospitalization was initially denied on the basis that it was "not medically necessary." Further, Plaintiff points to medical records which noted Philadelphia Department of Health Services ("DHS") child abuse/neglect cases were open on both of K's parents while K was hospitalized and that the "[DHS] case is now at a state level."

(ECF 84, at p. 2). Similarly, at trial, Plaintiff presented evidence, though ultimately not credited by the jury, that her minor daughter could have been discharged to her parents' primary care as early as June 20, but that the discharge did not occur because of the "home situation." Though the jury did not credit or interpret this evidence

2

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

in Plaintiff's favor, it was the jury's province to determine whether this evidence, if believed, demonstrated the provision of medically necessary treatment or Defendants' "exercise[] [of] powers that are traditionally the exclusive prerogative of the state." *Kach*, 589 F.3d at 646. Regardless, having repeatedly determined that Plaintiff presented evidence sufficient to allow her civil rights claims to proceed to a jury, this Court cannot conclude that Plaintiff's claims were frivolous such that Defendants are entitled to attorneys' fees.

Turning more directly to the relevant factors outlined above, this Court finds that these factors weigh against an award of attorneys' fees. Most importantly, and as described above, this Court determined at multiple stages that Plaintiff had established a *prima facie* case and allowed the case to continue to a trial on the merits. Such decisions, fully supported by the evidentiary record, are not conducive to the requisite finding of frivolity. Notably, Defendants provide no case law to support a finding of frivolity where the trial court denied a defendant's motion for summary judgment and permitted a plaintiff's case to proceed to a jury verdict. Indeed, all of Defendants' cited cases involved a defendant's motion for attorneys' fees where the plaintiff's claims were dismissed ***prior to trial***. In light of this Court's previous rulings ***against Defendants***, the underlying motion for attorneys' fees draws far closer to the requisite line of frivolity than do Plaintiff's civil rights claims. For these reasons, Defendants' motion for attorneys' fees is denied.

3